**Dallis HOLLIS, Plaintiff–Appellee,**

v.

**Roy C. ROBERTS, Esquire, Defendant–Appellant.**

**No. 92–8343**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

March 3, 1993.

Clifford Harold Hardwick, Atlanta, GA, for defendant-appellant.

Kathleen Lillis, UAW Legal Services Plan, Atlanta, GA, O. Randolph Bragg, UAW Legal Services Plan, Newark, DE, for plaintiff-appellee.

Before FAY, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

The issue presented in this appeal is whether the district court erred by awarding attorneys' fees to the Appellee based upon the prevailing market rate rather than basing the award on actual costs. For the reasons stated below, we affirm.

## I. FACTUAL BACKGROUND

The complaint alleged a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692o (1988). The district court granted the Appellee's motion for summary judgment, awarding $1,500 in damages and reasonable attorneys' fees. Appellant does not challenge the award of damages. Following the award, the attorney for the Appellee submitted an affidavit requesting compensation for 24.9 hours at the prevailing market rate of $150 per hour. Appellant challenged these fees. The district court found that the attorneys' fees requested and the method used to calculate those fees were reasonable and ordered counsel to file an addendum for the additional hours spent defending the attorneys' fees request. The Appellee requested and was granted compensation for an additional 2.1 hours. In total, the district court awarded $4,050 in fees.

## II. STANDARD OF REVIEW

■ We review the award of attorneys' fees for abuse of discretion, but "closely scrutinize questions of law decided by the district court in reaching the fee award." *Camden I Condominium Ass'n v. Dunkle*, 946 F.2d 768, 770 (11th Cir.1991).

## III. DISCUSSION

■ The Appellant challenges the award of fees because it is based upon the prevailing market rate for fees in cases of this type and is not limited by the actual cost of the services. According to Appellant, the award of fees should be limited to actual costs because the Appellee is represented by an attorney employed by the UAW Le-

gal Services Plan and this Court has held that awarding fees in excess of costs to a litigant represented by the UAW Legal Services Plan would result in an inappropriate economic benefit to the United Automobile, Aerospace and Agriculture Employment Workers of America (UAW). *See Harper v. Better Business Servs., Inc.*, 961 F.2d 1561 (11th Cir.1992), *aff'g* 768 F.Supp. 817 (N.D.Ga.1991).

In *Harper*, this Court affirmed an award of attorneys' fees that was explicitly limited to the actual costs of the litigation. As is the case here, the attorney for the prevailing party in *Harper* was employed by UAW Legal Services. The district court in *Harper* held that the award of an attorney's fee greater than the actual cost of the services would result in a benefit to the union and create ethical problems associated with sharing attorneys' fees with non-lawyers. 768 F.Supp. at 820–21. This finding was based upon the presumption "that the attorneys' fee award will go to UAW Legal Services and that UAW Legal Services is funded by the UAW Union." *Id.* at 820. In *Harper*, the district court reached this presumption because there was no evidence presented that UAW Legal Services was a separate legal entity from the union or that the market rate fees would not provide an inappropriate economic benefit to the union.

Although, like *Harper*, this case involves an action pursuant to the Fair Debt Collection Practices Act, and, like *Harper*, the plaintiff in this case is represented by UAW Legal Services, there is one significant distinction. In this case, the Appellee has presented unchallenged competent evidence that UAW Legal Services Plan is an employee welfare benefit plan for prepaid legal services, governed by the Employee Retirement Income Security Act of 1974, and qualified under § 501(c)(20) of the Internal Revenue Code. Affidavit of Kathleen Lillis at 2, R2–25. Further evidence showed that UAW Legal Services Plan is a separate legal entity from UAW, that UAW Legal Services Plan receives no money from the UAW, and that the UAW Legal Services Plan does not share any funds with the UAW. Affidavit of Carol L. Wilk-

erson at 1–2, R2–28, Exhibit B. From the record presented here, it is clear that any economic benefit derived from an award of fees in excess of costs will not be shared by the UAW. The ethical concerns discussed in *Harper* are not present here. In the absence of ethical concerns such as those in *Harper*, we turn to the determination of whether the district court, in the exercise of its discretion, is permitted to award fees based upon the prevailing market rate.

The Fair Debt Collection Practices Act authorizes the award of the costs of the action and a "reasonable attorney's fee as determined by the court," 15 U.S.C. § 1692k(a)(3), in addition to damages to any successful plaintiff. *Id.* § (a)(1), (2). The United States Supreme Court has held that "[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Blum v. Stenson*, 465 U.S. 886, 888, 104 S.Ct. 1541, 1544, 79 L.Ed.2d 891 (1984). The Court went on to hold that " 'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community.... The policy arguments advanced in favor of a cost-based standard should be addressed to Congress." *Id.* at 895–96, 104 S.Ct. at 1547–48 (footnote omitted). Although *Blum* was decided in the context of the civil rights fee-shifting statute, its principles are equally applicable here. *See Independent Fed'n of Flight Attendants v. Zipes*, 491 U.S. 754, 109 S.Ct. 2732, 105 L.Ed.2d 639 (1989) (similar language in fee-shifting statutes should be interpreted similarly).

## IV. CONCLUSION

There is no reason to depart from the method outlined above in the civil rights context when determining fees in the current context. The district court in this case granted the Appellee's motion for fees based upon the type of calculation endorsed by the Supreme Court in *Blum*. We, therefore, hold that the district court did not abuse its discretion in granting the

**1162**

Appellee's motion. Accordingly, we affirm that judgment.

AFFIRMED.