[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 01-11866 and 01-13158

_____

D. C. Docket No. 99-03297 CV-J-S

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 18, 2002
THOMAS K. KAHN
CLERK

MICHAEL J. NAGLE,

Plaintiff-Appellee,

versus

EXPERIAN INFORMATION SOLUTIONS, INC.,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Northern District of Alabama

_____

**(July 18, 2002)**

Before ANDERSON, DUBINA Circuit Judges, and MILLS*, District Judge.

ANDERSON, Circuit Judge:

Plaintiff Michael Nagle brought this action against Defendant Experian

Information Solutions, Inc. ("Experian") claiming that Experian had negligently

_____

*Honorable Richard Mills, U.S. District Judge for the Central District of Illinois, sitting by designation.

and willfully violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681.[1]

He sought actual damages, punitive damages, attorneys' fees and costs. The jury found that Experian had negligently violated the FCRA, but awarded neither actual or punitive damages. Nagle moved the district court to award him attorneys fees pursuant to § 1681o, which permits an award of attorneys' fees and costs in the case of a "successful action to enforce any liability under this section." Experian opposed that motion, claiming that Nagle had not brought a "successful action to enforce any liability" because the jury did not award actual or punitive damages. The district court subsequently granted Nagle's motion for attorneys' fees, and awarded fees in an amount in excess of $100,000. Experian appeals the entry of judgment in favor of Nagle, the award of attorney's fees, and the amount of attorney's fees awarded.

The crux of this case is whether Nagle brought a successful action to enforce liability under the FCRA. If he did, the district court correctly granted his motion for attorneys fees. Nagle contends that he was "successful" because judgment was entered in his favor. Experian claims that he was not "successful" because the jury did not award him damages.

As with any case requiring interpretation of a statute, we begin with the plain

---

[1]Nagle also claimed a willful violation, but the jury found none.

language of the statute itself. The award of attorneys' fees on the basis of a negligent FCRA violation is covered in section 1681o. Section 1681o states:

> (a)    Any person who is negligent in failing to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of–
>
> (1) any actual damages sustained by the consumer as a result of the failure;
>
> (2) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

15 U.S.C. § 1681o.

According to the statute, attorney's fees are available only in the case of a "successful action to enforce any liability under this section." The only liability provided for by the section is actual damages. The plaintiff initially sought both mental anguish damages and punitive damages, and when those were rejected by the jury, he petitioned the district court to award $10 in damages. The district court refused to do so. The plaintiff may have obtained a jury verdict, but the only liability which this action sought to enforce was rejected. Thus, the plaintiff was not "successful" in enforcing "any liability under this section."

Our interpretation, that to be "successful" the plaintiff must receive some relief beyond mere entry of judgment, is not only consistent with the plain meaning of the statutory language, but is also supported by our prior interpretations of the

3

FCRA.  We have previously recognized the importance attributed to damages in a FCRA cause of action by noting that failure to produce evidence of damage resulting from a  FCRA violation mandates summary judgment.  Cahlin v. General Motors Acceptance Corp., 936 F.2d 1151, 1160 (11th Cir. 1991).  To allow plaintiffs to obtain attorneys fees without being awarded some other form of damages would be inconsistent with that precedent.

Statutes containing language similar to the FCRA have been interpreted in a similar fashion, with some courts determining that the words "prevailing party," like the word "successful," connote the granting of some sort of requested relief. Indeed, the Supreme Court in  Buckhannon Board & Care Home, Inc. v. West Virginia Department of Health & Human Resources, recognized that to be a "prevailing party" means to have prevailed on the merits; ordinarily "a plaintiff [must] receive at least some relief on the merits of his claim before he can be said to prevail."  532 U.S. 598, 603-04, 121 S. Ct. 1835, 1840 (2001) quoting from Hewitt v. Helms, 482 U.S. 755, 759-60, 107 S. Ct. 2672, 2675 (1987).  Nominal damages satisfy the need for some sort of "relief."  Id.  Thus, for a "prevailing party," or a "successful" party, to actually prevail, it is not enough that the court merely enter judgment.

One of our sister Circuits has also concluded that a "successful" FCRA action

4

is one in which damages are awarded. In <u>Crabill v. Trans Union, L.L.C.</u>, the Seventh Circuit relied upon the <u>Buckhannon</u> decision in holding that in the context of the FCRA a plaintiff must "obtain formal judicial relief, and not merely 'success,' in order to be deemed a prevailing or successful party under any attorneys' fee provision". 259 F.3d 662, 667 (7th Cir. 2001). We agree with <u>Crabill</u>'s result.[2] The plain language of the statute requires that the plaintiff be successful in enforcing liability under "this section," and the only liability provided for in "this section" is actual damages.

Here, the plaintiff requested actual damages for mental suffering, and punitive damages. After those damages were rejected by the jury, he asked the district court to grant him $10 in damages. No damages were awarded. On the basis of the plain meaning of the statutory language as above indicated, we hold that there was not a "successful" action to enforce liability in this case.[3]

---

[2]We note that both <u>Buckhannon</u> and <u>Crabill</u> were issued after the decision of the district court here.

[3]Although we believe our interpretation is clear from the plain language of the statute, we recognize that the Fair Debt Collection Practices Act contains language similar to the FCRA, and that there is a split amongst the Circuits as to whether or not to require actual damages before an award of attorneys' fees is appropriate. <u>Compare</u> <u>Johnson v. Eaton</u>, 80 F.3d 148 (5th Cir. 1996) (holding that because Johnson failed to enforce liability for damages, she had not brought a "successful action" under the statute and was not entitled to attorneys' fees) <u>with</u> <u>Graziano v. Harrison</u>, 950 F.2d 107 (3d Cir. 1991); <u>Emanuel v. Am. Credit Exch.</u>,

For the foregoing reasons, the judgment of the district court is

REVERSED.[4]

---

870 F.2d 805, 809 (2nd Cir. 1989) (concluding that plaintiff was not entitled to actual or statutory damages, but awarding attorneys fees); Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2nd Cir. 1998) (dicta to the effect that "[w]here a plaintiff prevails, whether or not he is entitled to an award of actual or statutory damages, he should be awarded costs and reasonable attorney's fees."); Zagorski v. Midwest Billing Servs., Inc., 128 F.3d 1164, 1166 n.3 (7th Cir. 1997) (noting agreement with Second Circuit).  Because this case involves the FCRA, we need not address the Circuit split with respect to the Fair Debt Collection Practices Act, nor need we address the effect that Buckhannon may have on the interpretation of that different statute.

[4]Any remaining arguments need no further discussion.