Laura MANN, Plaintiff,

v.

**ACCLAIM FINANCIAL SERVICES, INC., Defendant.**

No. CIV.A. 2:02–CV–00644.

United States District Court,
S.D. Ohio,
Eastern Division.

Nov. 10, 2004.

Steven C. Shane, Bellevue, KY, for Plaintiff.

Randal D. Robinson, Richard J. Lacivita, Robert Neil Burman, Burman, Robinson & McCarthy, Columbus, OH, for Defendant.

### *ORDER*

KING, United States Magistrate Judge.

Plaintiff brings this action against Acclaim Financial Services, Inc., (hereinafter "Acclaim"), alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, (hereinafter "FDCPA") and Ohio's Consumer Sales Practices Act, O.R.C. § 1345.01 *et seq.*, (hereinafter "OCSPA"). With the consent of the parties, 28 U.S.C. § 636(c), this matter is before the Court on class Plaintiff's application for statutory damages under the FDCPA and OCSPA (Doc. No. 65) and Plaintiff's motion for attorney fees and expenses. (Doc. No. 66).

### I. Background

Plaintiff alleges that Acclaim violated both the FDCPA and the OCSPA when it sent a written communication to Plaintiff which demanded payment of a debt for utility services allegedly owed by Plaintiff to an entity known as "The Energy Cooperative." *Amended Complaint,* at ¶¶ 3, 5. Plaintiff argues that this letter contained deceptive language that overshadowed the rights and obligations established by 15 U.S.C. § 1692g(a), as well as various provisions of Ohio law (hereinafter "the overshadowing claim"). On April 29, 2003, this Court certified a class of plaintiffs under Fed.R.Civ.P. 26(b)(2) on the overshadowing claim. *Opinion and Order* (April 29, 2003) (Doc. No. 40). The amended complaint also asserted two individual claims alleging that Acclaim failed to note that Plaintiff disputed the debt when it reported the account to the credit reporting agency and that Acclaim continued to engage in debt collection activity by reporting the debt to a credit reporting agency without validating the debt (hereinafter "the § 1692g(b), § 1692e(5), and § 1692e(8) claims"). Defendant argued that such conduct resulted from a bona fide error and that it maintained procedures reasonably adapted to avoid such errors.

On January 13, 2004, this Court granted summary judgment to Plaintiff on the overshadowing claim under the FDCPA and granted summary judgment to Defendant on the § 1692g(b), § 1692e(5), and § 1692e(8) claims. This Court denied both motions with respect to the claims brought under the OCSPA and set all remaining matters for trial. *Opinion and Order* (January 13, 2004) (Doc. No. 53).

In lieu of trial, the parties entered into a stipulation by which the parties agreed that this Court could enter class-wide declaratory relief on the overshadowing claim, that Plaintiff is entitled to statutory

damages under both state and federal law, but not to actual damages, and that Plaintiff could apply to this Court for an award of attorney fees and expenses. (Doc. No. 61).

## II. Plaintiff's Application for Statutory Damages Under the FDCPA and OCSPA

The parties agree that Plaintiff is entitled to statutory damages. (Doc. No. 61). The maximum amount of statutory damages that may be awarded under the FDCPA is $1000 per proceeding.[1] 15 U.S.C. § 1692k(a)(2)(A). *See Wright v. Finance Service of Norwalk, Inc.,* 22 F.3d 647, 651 (6th Cir.1994). Only a single violation need be shown to recover under the FDCPA. *Cirkot v. Diversified Systems,* 839 F.Supp. 941 (D.Conn.1993). Under the OCSPA, statutory damages are limited to $200 per violation.[2] O.R.C. § 1345.09(B).

The FDCPA sets out a number of factors to be considered by the Court in determining the amount of statutory damages, including "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional...." 15 U.S.C.

§ 1692k(b)(1). In this case, Acclaim admits that it mailed at least 1,000 letters to consumer debtors which contained overshadowing language violative of the FDCPA. (*Donaldson Depo.,* p. 41). Plaintiff succeeded on summary judgment with regard to her class-wide overshadowing claim and, through stipulation, it was agreed that this Court could enter class-wide declaratory relief in favor of Plaintiff. Because Plaintiff prevailed on these claims, this Court concludes that Plaintiff is entitled to the maximum statutory award, *i.e.,* $1,000 under the FDCPA and $200 under the OCSPA.

## III. Plaintiff's Motion for Costs and Attorney Fees

Plaintiff requests that this Court award Plaintiff's counsel the sum of $30,200 in attorney's fees and $970.05 in expenses.

### A. Attorney Fees

In the case of a successful action against a debt collector under the FDCPA, the debt collector's liability includes the costs of the action, together with a reasonable attorney's fee as determined by the court. 15 U.S.C.A. § 1692k(a)(3). The award of attorney's fees is not a special or discretionary remedy; instead, the award

1. 15 U.S.C. § 1692k(a) provides in pertinent part as follows:

Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter...with respect to any person is liable to such person in an amount equal to the sum of -
(1) any actual damages sustained by such person as a result of such failure;
(2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000;...

2. O.R.C. § 1345.09(B) provides in pertinent part as follows:

Where the violation was an act or practice declared to be deceptive or unconscionable by rule adopted under division (B)(2) of section 1345.05 of the Revised Code before the consumer transaction on which the action is based, or an act or practice determined by a court of this state to violate section 1345.02 or 1345.03 of the Revised Code and committed after the decision containing the determination has been made available for public inspection under division (A)(3) of section 1345.05 of the Revised Code, the consumer may rescind the transaction or recover, but not in a class action, three times the amount of his actual damages or two hundred dollars, whichever is greater, or recover damages or other appropriate relief in a class action under Civil Rule 23, as amended.

of attorney's fees is intended to encourage consumers to act as "private attorneys general" to enforce the FDCPA. *Johnson v. Eaton,* 80 F.3d 148 (5th Cir.1996); *Baker v. G.C. Services Corp.,* 677 F.2d 775, 780 (9th Cir.1982). An attorney's fee based on fair market rates is appropriate in order to further this Congressional intent. *Tolentino v. Friedman,* 46 F.3d 645, 652 (7th Cir.1995) ("Paying counsel in FDCPA cases at rates lower than those they can obtain in the marketplace is inconsistent with the congressional desire to enforce the FDCPA through private actions, and therefore misapplies the law.").

■ The United States Court of Appeals for the Sixth Circuit has cautioned, however, that counsel for the successful plaintiff in an FDCPA action should not be compensated for time which represents "economic waste." *Lee v. Thomas & Thomas,* 109 F.3d 302 (6th Cir.1997). "[A]ble counsel should aspire to achieve their clients' objectives economically ..., and counsel should not expect to reap financial rewards for prolonging litigation unnecessarily." *Id.* at 307. "The statute authorizes nothing more than a fee determined by the court to be 'reasonable....'" *Id.* at 305. The "district court should exclude from [the] initial fee calculation hours that were not 'reasonably expended.'" *Id.* at 307 (*quoting Hensley v. Eckerhart,* 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). A reasonable fee is one that is adequate to attract competent counsel, but which does not produce a windfall to the attorney. *Blum v. Stenson,* 465 U.S. 886, 897, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984); *Hadix v. Johnson,* 65 F.3d 532, 535 (6th Cir.1995).

According to the United States Supreme Court, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley,* 461 U.S. at 433, 103 S.Ct. 1933. This lodestar calculation is strongly presumed to yield a reasonable fee. *City of Burlington v. Dague,* 505 U.S. 557, 562, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992). In certain circumstances, the lodestar amount may be adjusted to reflect what the court, in its discretion, considers to be a reasonable attorney's fee. *Carroll v. Wolpoff & Abramson,* 53 F.3d 626, 629 (4th Cir.1995) (court may reduce award to reflect limited success). The Third Circuit suggests that a court consider the following factors in determining the appropriate amount of the fee under the FDCPA: (1) the degree of success obtained by the prevailing plaintiff, with a reduction being appropriate where the plaintiff has obtained only partial or limited success, and (2) the reasonableness of the hours expended by counsel for the prevailing party. *Graziano v. Harrison,* 950 F.2d 107, 114 (3rd Cir.1991). The court may also consider the defendant's misconduct, including the frequency, persistence, and nature of its noncompliance with the FDCPA, and whether such noncompliance was intentional. *Riveria v. MAB Collections, Inc.,* 682 F.Supp. 174 (W.D.N.Y.1988).

### 1. Rule 68 Offer of Judgment

In the case at bar, Acclaim objects not to an award of fees to the Plaintiff, but to the amount of fees requested; Plaintiff itemizes 151 hours spent by her counsel, and seeks compensation at an hourly rate of $200, for an attorney fee of $30,200. Acclaim argues that Plaintiff's request is unreasonable under 15 U.S.C. § 1692k(a)(3) and should be greatly reduced. Specifically, Acclaim represents that it made an offer of judgment on September 5, 2002 (Doc. No. 69, Exhibit B) and that Plaintiff should not recover attorney fees incurred after that date.

■ Rule 68 of the Federal Rules of Civil Procedure provides in relevant part,

"If the judgment finally obtained by the offeree is not more favorable than the offer, the offeree must pay the costs incurred after making the offer."[3] Fed. R.Civ.P. 68. Furthermore, the Sixth Circuit has held that a district court may properly exclude fees for work performed after the rejection of a debt collector's offer to confess judgment so long as the proposed offer exceeded the amount later awarded to the plaintiff. *Lee v. Thomas & Thomas*, 109 F.3d 302.

On September 5, 2002, Acclaim offered to allow judgment to be taken against it for $2,000 and injunctive relief prohibiting it from engaging in the activities which Plaintiff asserted violated the FDCPA and the OCSPA. The offer also made clear that it was not to be construed as an admission of liability or that Plaintiff had suffered any damages. Plaintiff refused Acclaim's September 5, 2002 offer and the litigation continued until the parties entered the March 2004 stipulation.

Acclaim argues that the $2,000 settlement offer, made on September 5, 2002, was greater than the $1,200 award of statutory damages to which the Plaintiff is entitled. Consequently, Acclaim argues that both Rule 68 and Sixth Circuit case law operate to preclude compensation for fees incurred after September 5, 2002. According to Acclaim, this Court should limit Plaintiff's award of attorney fees to $4,600, the amount of fees incurred prior to the receipt of the settlement offer.[4]

Neither Rule 68 nor Sixth Circuit precedent, however, preclude an award of fees for the 128.5 hours expended by Plaintiff's counsel after September 5, 2002. In *Lee v. Thomas & Thomas*, the defendant's offer of settlement included both statutory damages and a reasonable estimate of attorney's fees. *Lee*, 109 F.3d at 302. In the case at bar, Acclaim's offer did not attempt to fully satisfy Plaintiff's claim for attorney's fees. The cover letter accompanying the offer of judgment indicates that the $2,000 offer was intended to compensate Plaintiff for $1,200 in damages, plus $800 in attorney fees and expenses. (Doc. 71, Exhibit A). As Plaintiff had incurred $4,600 in attorney fees as of the date of the offer, Acclaim's offer fell well short of covering Plaintiff's fees. Consequently, Acclaim's offer was not more favorable than Plaintiff's actual recovery. For this reason, Acclaim's offer of judgment does not operate to preclude the award of fees incurred after September 5, 2002.

### 2. Plaintiff's Attempts to Settle Case

On October 31, 2002, *i.e.*, less than two months after Plaintiff received Acclaim's offer of judgment, Plaintiff offered to settle the case for $2,000 in damages and attorney's fees incurred as of that date. (Doc. No. 71, Exhibit C). As of October 31, 2002, Plaintiff's counsel had spent only 27.6 hours on the case, which would have resulted in a fee of $5,400. Acclaim refused this offer. Additionally, in anticipation of mediation scheduled for December 2002, Plaintiff made a settlement demand on November 25, 2002 requesting, among other things, reimbursement for 20.9 hours.[5] (Doc. No. 71, Exhibit D). Acclaim

---

**3.** When there is a formal offer of judgment under Rule 68, "the court will be guided by principles set out in *Marek v. Chesny*, 473 U.S. 1, 105 S.Ct. 3012, 87 L.Ed.2d 1 (1985), which held that a Rule 68 offer of judgment precluded...a plaintiff from recovery of attorney's fees incurred subsequent to the defendant's offer where plaintiff recovers a judgment less than the offer of judgment." *Ruble v. Madison Capital, Inc.*, No. 1:96 cv 1693, 1998 U.S.

Dist. LEXIS 20421, at * 4 (N.D.Ohio December 15, 1998).

**4.** Plaintiff's counsel had spent a total of 23 hours on the case as of September 5, 2002. (Doc. No. 66, Exhibit 1).

**5.** Plaintiff contends that this was a typographical error and that counsel intended to seek compensation for 29 hours, not 20.9 hours.

responded by offering $1,000 in damages and $1,000 in attorney's fees and costs. (Doc. No. 71, Exhibit E). This was essentially the same offer that Acclaim had made on September 5, 2002. After this exchange, there is no record of any further offers made by the parties in this case.

It appears that Acclaim never offered to fully compensate Plaintiff for her attorney fees in any of its settlement offers. In light of this fact, Plaintiff did not unreasonably refuse Acclaim's offers of settlement.

### 3. Plaintiff's Counsel's Hourly Rate

[8, 9] Furthermore, Acclaim objects to the hourly rate sought by Plaintiff's counsel. Acclaim, which pays its counsel $175 per hour (Doc. No. 71), argues that an hourly rate of $200 is unreasonably extravagant. In setting the proper rate for attorney fees, courts must use the prevailing market rate for similar services of local attorneys with comparable skill, experience, and reputation.[6] *Missouri v. Jenkins*, 491 U.S. 274, 285–86, 109 S.Ct. 2463, 105 L.Ed.2d 229 (1989); *See Hollis v. Roberts*, 984 F.2d 1159 (11th Cir.1993). At least one other court reviewing a request for attorney fees in a similar case has found an hourly rate of $200 to be reasonable. *Becker v. Montgomery, Lynch*, 1:02cv874 (N.D.Ohio 2003). Furthermore, the present case is a class action, which is necessarily more involved than a case

brought on behalf of only an individual plaintiff. Plaintiff's attorney also presents evidence demonstrating his experience and skill in the area of consumer litigation (Doc. No. 66, Attachment 2), and submits the sworn statements of Ronald Burdge and Stephen Felson, Ohio attorneys who testify to the reasonableness of Plaintiff's attorney's fees. (Doc. No. 71, Attachments 1 and 2). This Court, being generally familiar with prevailing rates in the local community, finds the requested rate to be reasonable.

### 4. Hours Expended

██ Plaintiff has submitted counsel's time records itemizing the work performed by date, nature, the amount of time and the hourly rate charged for the task. (Doc. 66, Attachment 1). This submission meets this circuit's standard of specificity required of a party seeking attorney's fees. *See Wooldridge v. Marlene Industries Corp.*, 898 F.2d 1169 (6th Cir.1990).

The time records reflect that Plaintiff's counsel has spent 151.5 hours on this case. "[W]here the issue of reasonableness of time expended is fully joined, the amount of time spent by the opposing party is a relevant benchmark as to the amount of time reasonably required." *Black v. Lojac Enterprises, Inc.*, 117 F.3d 1420, 1997 WL 377051 (6th Cir.1997). Here, Acclaim's counsel have spent nearly 208 hours to

---

**6.** With regard to the task of setting hourly rates, the Sixth Circuit has stated:

In determining what the level of compensation for each category of service should be, *the court should look to the fair market value of the services provided.* In most communities, the marketplace has set a value for the services of attorneys, and the hourly rate charged by an attorney for his or her services will normally reflect the training, background, experience and skill of the individual attorney. For those attorneys who have no private practice, the rates customarily charged in the communi-

ty for similar services can be looked to for guidance. Focusing on the fair market value of the attorney's services will best fulfill the purposes of the Fees Awards Act, by providing adequate compensation to attract qualified and competent attorneys without affording any windfall to those who undertake such representation. The entire purpose of the statutes was to ensure that the representation of important national concerns would not depend upon the charitable instincts of a few generous attorneys. *Northcross v. Bd. of Educ.*, 611 F.2d 624, 638 (6th Cir.1979).

date in defending this case. (Doc. No. 71, Attachment 5). While not determinative of the issue, the amount of time expended on the case by Acclaim's counsel suggests that the amount of time expended by Plaintiff's counsel is reasonable.

### 5. Plaintiff's Relative Success in Lawsuit

 Acclaim also argues that Plaintiff's attorney's fees should be greatly reduced because she did not prevail on all claims originally asserted in this litigation. The extent of a plaintiff's overall success is a factor that must be considered when determining the amount of attorney fees to award. *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933; *Farrar v. Hobby,* 506 U.S. 103, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992); *Scales v. J.C. Bradford & Co.,* 925 F.2d 901, 910 (6th Cir.1991); *Carroll,* 53 F.3d at 626. Attorney's fees should be reduced if the prevailing plaintiff has achieved only partial or limited success.[7] *Graziano v. Harrison,* 950 F.2d 107 (3rd Cir.1991); *Teng v. Metropolitan Retail Recovery,* 851 F.Supp. 61 (E.D.N.Y.1994). According to the United States Supreme Court, if a plaintiff prevails on only some of her claims for relief, the court must address the following issues: (1) whether the plaintiff failed to prevail on claims that were unrelated to the claims on which the plaintiff succeeded and (2) whether the plaintiff achieved a level of success that made the hours reasonably expended a satisfactory basis for making a fee award. *Hensley,* 461 U.S. at 434, 103 S.Ct. 1933. In determining a reasonable fee, the court should exclude the hours spent by the attorney litigating unrelated claims on which the

plaintiff failed to prevail. *Id.* at 440, 103 S.Ct. 1933. The rationale behind this rule is that work on an unsuccessful claim is not deemed to have been "expended in pursuit of the ultimate result achieved." *Id.* at 435, 103 S.Ct. 1933. Where a lawsuit consists of related claims, a plaintiff achieving limited success should be awarded only fees that are reasonable in relation to the results obtained. *Id.* However, in the case of a plaintiff who has won substantial relief, the award of attorney's fees should not be limited merely because the court did not adopt each and every contention raised. *Id.* at 440, 103 S.Ct. 1933.

 Here, Plaintiff succeeded on summary judgment with regard to her class-wide overshadowing claim under the FDCPA. The claims upon which Plaintiff did not succeed were her claim for actual damages[8] under state and federal law. Plaintiff's claims for actual damages were related to her class-wide overshadowing claim. These claims were based on a common core of facts and related legal theories. Much of counsel's time was devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Consequently, the lawsuit cannot be viewed as a series of discrete claims. Instead, the court must "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley,* 461 U.S. at 435, 103 S.Ct. 1933. Due to Plaintiff's limited success in the suit, "the court should award only that amount of fees that is reasonable in relation to the results obtained." *Id.* at 440, 103 S.Ct. 1933. There is no precise

---

7. However, a court should not reduce attorney fees based on a simple ratio of successful claims to claims raised. *Phelan v. Bell,* 8 F.3d 369, 374 (6th Cir.1993).

8. On summary judgment, Acclaim prevailed on its bona fide error defense in regard to

Plaintiff's individual actual damages claims under the FDCPA. In addition, by stipulation, the parties agreed that Plaintiff was not entitled to actual damages under either state or federal law.

formula for making this determination. *Id.* at 436, 103 S.Ct. 1933. "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Id.* at 436–37, 103 S.Ct. 1933. The court has discretion in making this judgment. *Id.* at 437, 103 S.Ct. 1933.

Based upon Plaintiff's limited success, this Court finds Plaintiff's request for attorney fees in the amount of $30,200.00 unreasonable. The nature of the relief ultimately obtained in this suit does not justify the imposition of such an award. Consequently, this Court reduces Plaintiff's award of fees by one-third, to $20,133.33.

### B. Costs

The FDCPA expressly mandates the award of costs "in the case of any successful action to enforce...liability" under the statute. 15 U.S.C. § 1692k(3). Plaintiff seeks to recover $970.05 as costs. Acclaim does not oppose an award of costs, generally, but argues that this Court should reduce the amount of the request to those costs recoverable under Rule 54(d) of the Federal Rules of Civil Procedure.

Under Rule 54(d), the prevailing party is entitled to recover costs, unless the court directs otherwise. The Supreme Court has limited reasonable costs to those enumerated in 28 U.S.C. § 1920. *Crawford Fitting v. J.T. Gibbons, Inc.,* 482 U.S. 437, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). Section 1920 provides for the recovery of the following costs:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case

(3) Fees and disbursement for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under Section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See also Ruble v. Madison Capital, Inc.,* Case No. 96CV1693, 1998 WL 1755335 (N.D.Ohio 1998) (costs recoverable under FDCPA are limited to those listed in § 1920).

Acclaim argues that some of the items for which Plaintiff seeks recovery as costs are not included in § 1920:(1) a $125 "appearance fee" and (2) a $25.70 priority mail fee. Plaintiff explains that the appearance fee is merely the amount paid to the court reporter for his or her physical presence at the deposition. Such a fee is recoverable under § 1920(2). Postage, including a priority mail fee, however, is not among the items for which recovery is authorized under the statute. Therefore, this Court will not include the $25.70 postage in the costs awarded to Plaintiff. Accordingly, this Court awards Plaintiff $944.35 in costs.

**WHEREUPON,** Plaintiff's May 18, 2004 motion for statutory damages and attorney fees (Doc. Nos. 65 and 66) is **GRANTED** in part. Plaintiff is hereby **AWARDED** statutory damages in the total amount of $1,200.00, attorney's fees in the amount of $20,133.33, and costs in the amount of $944.35, for a total recovery of $22,277.68.

The Clerk shall enter **FINAL JUDGMENT** accordingly.