In the

# United States Court of Appeals
## For the Seventh Circuit

_____

Nos. 04-4213, 05-1359

EDWARD P. DECHERT, as trustee of the estate in
   bankruptcy of Judy A. Oyler,

*Plaintiff-Appellee,*

*v.*

CADLE COMPANY,

*Defendant-Appellant.*

_____

Appeals from the United States District Court
for the Southern District of Indiana, Indianapolis Division.
No. IP01-0880-C-B/G—**Sarah Evans Barker**, *Judge.*

_____

SUBMITTED FEBRUARY 15, 2006—DECIDED MARCH 16, 2006

_____

Before BAUER, POSNER, and COFFEY, *Circuit Judges.*

POSNER, *Circuit Judge.* The main appeal challenges an award of attorneys' fees in a protracted suit under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* An earlier stage of the litigation occupied us in *Dechert v. Cadle Co.*, 333 F.3d 801 (7th Cir. 2003). For present purposes, the only things worth noting are that the plaintiff sought, by way of relief for the alleged violation of the Act, only statutory damages of $1,000; that after obtaining $1,000 in compensation for the defendant's failure to comply with a discovery order he abandoned his claim for statutory

damages; but that the district court nevertheless awarded the plaintiff almost $60,000 in attorneys' fees and court costs.

The plaintiff was entitled to an award of fees and costs only if his suit could be characterized as a "successful action to enforce the foregoing liability," 15 U.S.C. § 1692k(a)(3), meaning liability for either actual or statutory damages. The general, indeed all but invariable, rule is that to be a prevailing party and therefore entitled to an award of fees and costs, you either must obtain a judgment that provides you with formal relief, such as damages, an injunction, or a declaration that you can use if necessary to obtain an injunction or damages later, or must obtain a settlement that gives you similar relief. *Buckhannon Board & Care Home, Inc. v. West Virginia Dept. of Health & Human Resources*, 532 U.S. 598 (2001); *King v. Illinois State Board of Elections*, 410 F.3d 404, 414 (7th Cir. 2005); *Palmetto Properties, Inc. v. County of DuPage*, 375 F.3d 542, 547 (7th Cir. 2004); *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662, 666-67 (7th Cir. 2001); *Nagle v. Experian Information Solutions, Inc.*, 297 F.3d 1305 (11th Cir. 2002). The plaintiff obtained neither. The $1,000 he received because of the defendant's violation of a discovery order did not enforce any liability under the Fair Debt Collection Practices Act.

In *Buckhannon* the Supreme Court rejected the "catalyst" theory, whereby a lawsuit that did not eventuate in any formal relief or settlement could be deemed "successful" if it prompted the defendant to change his ways. This lawsuit, so far as appears, had not even that effect.

Now it is true that none of the cases we have cited arose under the Fair Debt Collection Practices Act. We cannot find a case under that Act in which the issue is discussed, though plenty of cases under it assume that only a prevailing party

is entitled to an award of attorneys' fees and costs. E.g., *Zagorski v. Midwest Billing Services, Inc.*, 128 F.3d 1164, 1166 (7th Cir. 1997) (per curiam). The assumption is sound. As we noted in the *Palmetto* case, *supra*, 375 F.3d at 547, the Supreme Court has "encouraged consistent interpretation" of federal fee-shifting provisions, "across the federal statutes," as allowing an award of attorneys' fees and costs only to a prevailing party. There is nothing to rebut the presumption—which we have called "conclusive . . . absent a clearly contrary indication," *id*.—in a case under the Fair Debt Collection Practices Act. There is no ambiguity in "successful action to enforce . . . liability" for actual or statutory damages. Both *Crabill* and *Nagle* concluded, with respect to the materially identical language in the Fair Credit Reporting Act ("successful action to enforce any liability under this section," 15 U.S.C. § 1681o(a)(2)), that a "successful action" is indeed one in which the plaintiff was a prevailing party within the meaning that *Buckhannon* and the other decisions that we have cited assign to that term.

The defendant has not argued directly that the plaintiff was not a prevailing party in this litigation. But it argues that the plaintiff should receive a zero award of attorneys' fees and costs because the suit accomplished nothing, and that is close enough to preserve the issue, which is anyway a pure, undebatable issue of law. We occasionally consider such issues even when they were not presented to the district judge. *Niedert v. Rieger*, 200 F.3d 522 (7th Cir. 1999); *In re Reese*, 91 F.3d 37, 39 (7th Cir. 1996); *Amcast Industrial Corp. v. Detrex Corp.*, 2 F.3d 746, 749-50 (7th Cir. 1993).

The defendant's cross-appeal asks us to impose sanctions on the plaintiff for bringing this suit in bad faith. The denial of attorneys' fees and costs is sanction enough.

REVERSED.

A true Copy:

Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*