# United States Court of Appeals
## For the First Circuit

No. 06-1533

DAVID FRENCH; TAMMY FRENCH,

Plaintiffs, Appellants,

v.

CORPORATE RECEIVABLES, INC.; ERIC TURNER,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Michael A. Ponsor, U.S. District Judge]

Before

Boudin, Chief Judge,

Campbell, Senior Circuit Judge,

and Howard, Circuit Judge.

Jason David Fregeau for appellants.
Adam J. Basch, with whom Bacon & Wilson, P.C. was on brief,
for appellees.

June 7, 2007

**HOWARD**, **Circuit Judge**. David and Tammy French sued Corporate Receivables, Inc. and its employee, Eric Turner, under the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq., and Mass. Gen. Laws ch. 93A, challenging Corporate Receivables' and Turner's abusive collection practices in an effort to collect monies that David French owed on a motorcycle. Prior to trial, the defendants made two offers of judgment under Fed. R. Civ. P. 68, which the Frenches rejected. The first offer was for $2,500 and the second offer was for $3,900.

The Frenches' FDCPA claim was ultimately tried before a jury, and the district court decided the ch. 93A claim. The jury returned a verdict of $1,000 in statutory damages for David French and $0 for Tammy French. The court then concluded that the defendants had violated ch. 93A and awarded David French an additional $1,000 and Tammy French $25.[1]

Subsequently, the Frenches moved for an award of attorney's fees of $20,660 and costs of $2,059.33 under the FDCPA's and ch. 93A's fee-shifting provisions. See 15 U.S.C. § 1692k(a)(3); Mass. Gen. Laws ch. 93A, § 9. The defendants opposed the motion on the ground that the second Rule 68 offer of $3,900 exceeded the amount of the post-trial award and therefore cut-off the Frenches' entitlement to fees. See Marek v. Chesny, 473 U.S.

---

[1]A violation of the FDCPA constitutes a per se violation of ch. 93A. See Barnes v. Fleet Bank, 370 F.3d 164, 176 (1st Cir. 2004).

1 (1985). In a written order, the district court declined to reduce the Frenches' fee request under <u>Marek</u> because it was not clear that the second Rule 68 offer was larger than the award plus the fees and costs that the Frenches had incurred up to the time of the offer. <u>See</u> <u>Marryshow</u> v. <u>Flynn</u>, 986 F.2d 689, 692 (4th Cir. 1993) (concluding that for a Rule 68 offer to cut-off an entitlement to fees, the offer must be greater than the verdict plus reasonable fees and costs incurred when the offer was made). But the court nevertheless ordered a substantial reduction in the fee request to $2,500 because the Frenches obtained only "de minimis" success at trial.

The Frenches appeal this order. They argue that the award was inappropriately reduced in light of their "complete" success at trial in that David French obtained statutory damages under the FDCPA and ch. 93A.

A fee award will be upheld unless it constitutes a "manifest abuse of discretion." <u>See</u> <u>Richardson</u> v. <u>Miller</u>, 279 F.3d 1, 2-3 (1st Cir. 2002). The trial court has "extremely broad" discretion in fashioning a fee award. <u>Lipsett</u> v. <u>Bianco</u>, 975 F.2d 934, 937 (1st Cir. 1996). "Because this is so, and because the determination of the extent of a reasonable fee necessarily involves a series of judgment calls, an appellate court is far more likely to defer to the trial court in reviewing fee computations than in many other situations." <u>Id.</u>

The FDCPA provides that successful plaintiffs are entitled to actual damages, statutory damages of up to $1,000, and "the costs of the action, together with a reasonable attorney's fee as determined by the court . . . ." 15 U.S.C. § 1692k(a)(3). Successful plaintiffs are those who have obtained an award of statutory or actual damages. See Dechert v. Cadle Co., 441 F.3d 474, 475 (7th Cir. 2006). An award of attorney's fees to successful plaintiffs under the FDCPA is obligatory. See Zagorski v. Midwest Billing Serv., Inc., 128 F.3d 1164, 1166 (7th Cir. 1997); Emanuel v. Am. Credit Exch., 870 F.2d 805, 809 (2d Cir. 1989); see also de Jesus Banco Popular de P.R., 918 F.2d 232, 233-34 (1st Cir. 1990) (concluding that an award of attorney's fees is mandatory under an identical provision contained in the Truth in Lending Act).

That successful plaintiffs are entitled to a fee award under the FDCPA does not mean, however, that they are entitled to the amount requested; they are entitled to what is reasonable under the circumstances. See Carroll v. Wolpoff & Abramson, 53 F.3d 626, 629 (4th Cir. 1995); De Jesus, 918 F.2d at 233-34. In calculating an appropriate fee award, a court should avoid compensating wasteful litigation. As the Sixth Circuit has explained,

> Waste is not in the public interest. The Congress that passed the Fair Debt Collection Practices Act in 1977 could hardly have wished to reward lawyers for doing nonproductive work and wasting their adversaries' time and the time of the courts as well. In directing the

-4-

> courts to award 'reasonable fees,' on the
> contrary, Congress undoubtedly wished to
> ensure that the lawyer representing a
> successful plaintiff would receive a
> reasonable fee for work reasonably found
> necessary -- nothing less, and nothing more.

Lee v. Thomas & Thomas, 109 F.3d 302, 306-07 (6th Cir. 1997).

The district court's basis for reducing the Frenches' fee request -- limited success at trial -- is an accepted ground for limiting fees under the FDCPA.[2] See Lee, 109 F.3d at 307; Carroll, 53 F.3d at 629; Mann v. Acclaim Fin. Servs., 348 F. Supp. 2d 923 (S.D. Ohio 2004). The written order explaining the Frenches' lack of success and the resulting reduction was sparse and a bit more explanation would have been useful. See Coutin v. Young & Rubicam, 124 F.3d 331, 337 (1st Cir. 1997). But on the record before us, we are confident that the reduction was permissible.

In light of the $3,900 offer of judgment from the defendants, the likely reason for the Frenches to have gone to trial was because they hoped to obtain a significant award of actual damages. But it is clear from the trial testimony that the possibility of the Frenches obtaining such a recovery was minuscule. The most that David French could say was that he had trouble concentrating at work and had some sleepless nights; Tammy

---

[2]It is also permissible under ch. 93A to reduce a fee award because of the limited success achieved by the plaintiff. See Star Fin. Servs. Inc. v. AASTAR Mortg. Corp., 89 F.3d 5, 16 (1st Cir. 1996).

-5-

French's testimony of actual damages was even less compelling. There was no evidence that the Frenches incurred out-of-pocket expenses or suffered substantial emotional distress such that it was reasonable for them to expect that they would obtain a significant actual damages award. The Frenches' failure to obtain actual damages provides a sound basis for the conclusion that pursuing this case through trial was wasteful, especially where there was an offer of judgment that would have essentially compensated the Frenches for the amount of damages they were likely to (and did in fact) obtain. See Mann, 348 F. Supp. 2d at 930 (reducing attorney's fee award under the FDCPA where the plaintiff was unsuccessful in obtaining actual damages). In short, going to trial provided the Frenches with little benefit, and it had virtually no chance of doing so. It was a permissible exercise of discretion in these circumstances for the district court to conclude that fees incurred in this endeavor should not be recovered.[3]

**Affirmed**.

---

[3]The $2,500 in fees is approximately the amount that the Frenches claimed to have expended prior to their decision to reject the second Rule 68 offer.