[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 28, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-12337
Non-Argument Calendar
_____

D. C. Docket No. 07-01419-CV-IPJ

CECIL W. MOTON,

Plaintiff-Appellant,

versus

NATHAN & NATHAN, P.C.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(October 28, 2008)**

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Cecil W. Moton appeals from a final judgment entered by the district court awarding him $500 in attorneys' fees following the district court's grant of Moton's summary judgment motion, resulting in an award of

$1000 in statutory damages, pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692-1692p. Moton does not challenge the resolution of the underlying lawsuit, but instead argues that the district court abused its discretion in assessing attorneys' fees under the FDCPA by awarding a flat fee of $500 instead of using the "lodestar" formula. After careful review, we vacate and remand to the district court for further proceedings consistent with this opinion.

In FDCPA cases, we review the award of attorneys' fees for abuse of discretion, but "closely scrutinize questions of law decided by the district court in reaching the fee award." Hollis v. Roberts, 984 F.2d 1159, 1160 (11th Cir. 1993) (quoting Camden I Condominium Ass'n v. Dunkle, 946 F.2d 768, 770 (11th Cir. 1991)). A district court abuses its discretion when it "applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in judgment." Tran v. Toyota Motor Corp., 420 F.3d 1310, 1315 (11th Cir. 2005) (internal quotation marks omitted).

The relevant facts are these. Moton sued Nathan & Nathan, P.C., alleging that the firm had violated the FDCPA during its collection of a consumer debt on behalf of Bank of America by omitting from its initial FDCPA-mandated disclosures the required notice that a formal statutory dispute must be in writing. On cross-motions for summary judgment, the district court entered an order in

Moton's favor, holding that Nathan & Nathan's omission violated the FDCPA, and awarded maximum FDCPA statutory damages of $1,000 to Moton. In the same order -- and without any motion for attorneys' fees filed by either party -- the district court held that Nathan & Nathan's violation was "de minimus," and on that basis, directed the entry of a judgment awarding to Moton "the sum of $500.00 as reasonable attorney's fee and costs." Moton subsequently filed motions to alter or amend the judgment and for an award of costs and attorneys' fees, attaching fee documentation not previously considered by the district court, showing 25.3 attorney hours for which compensation was sought at the rate of $250 per hour, for a total fee request of $6,325. The district court denied Moton's motions, standing by the $500 in fees it had previously awarded.

The FDCPA authorizes an award to any successful plaintiff of the costs of the action and a "reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). In interpreting this provision, we have held that Supreme Court precedent in the civil rights fee-shifting context is applicable. Hollis, 984 F.2d at 1161 ("Although [Blum v. Stenson, 465 U.S. 886 (1984)] was decided in the context of the civil rights fee-shifting statute, its principles are equally applicable here."). Under the Supreme Court's approach, we said, "[t]he initial estimate of a reasonable attorney's fee is properly calculated by multiplying the number of hours

reasonably expended on the litigation times a reasonable hourly rate." Id. (quoting Blum, 465 U.S. at 888). In addition, "'reasonable fees' under § 1988 are to be calculated according to the prevailing market rates in the relevant community." Id. (quoting Blum, 465 U.S. at 888). Our clear precedent thus requires a district court, when awarding attorneys' fees under the FDCPA -- like under the typical fee-shifting statute -- to do the following:

> The starting point in fashioning an award of attorney's fees is to multiply the number of hours reasonably expended by a reasonable hourly rate. This "lodestar" may then be adjusted for the results obtained. Although a district court has wide discretion in performing these calculations, the court's order on attorney's fees must allow meaningful review -- the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.

Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994) (citations and quotations omitted).

The district court did not do this here. Rather, the district court awarded a flat fee of $500.00, based on the amount of damages plaintiff received, without so much as attempting to perform a "lodestar" analysis, nor articulating what it deemed to be reasonable fees or reasonable hours for the attorneys' work on this case. It also never explained why the flat rate it awarded deviated as it did from the "lodestar" calculation. Although the district court admittedly has wide discretion in this arena, we nonetheless are constrained to hold that the district

4

court abused its discretion by failing to perform any "lodestar" calculation at all. See Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 982 (9th Cir. 2008) (FDCPA case holding that "the district court erred by awarding a 'flat award,' and on remand the court should calculate the lodestar to determine a presumptively reasonable fees-on-fees award before assessing whether upward or downward adjustments are warranted").[1]

Accordingly, we vacate and remand to the district court to calculate attorneys' fees using the "lodestar" analysis.

**VACATED AND REMANDED.**

---

[1] The cases cited by Nathan & Nathan, purporting to hold that a flat-fee award is permissible under the FDCPA, are not binding on us, and in any event, are not helpful here. Indeed, in French v. Corporate Receivables, Inc., 489 F.3d 402 (1st Cir. 2007), the district court, though briefly, did say that it had performed the "lodestar" calculation and then adjusted accordingly. And in Carroll v. Wolpoff & Abramson, 53 F.3d 626 (4th Cir. 1995), it is hard to tell from the opinion whether the district court calculated the "lodestar" and then deviated from it, or whether it never calculated it at all. Moreover, the plaintiff there did not win the maximum amount of statutory damages, but rather, received only $50 in statutory damages at the close of underlying litigation, which was five percent of amount she initially sought. Finally, in Johnson v. Eaton, 80 F.3d 148 (5th Cir. 1996), the plaintiff won no damages at all, and therefore, the court held that she was not entitled to any attorneys' fees.