[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10534
Non-Argument Calendar
_____

D.C. Docket No. 6:12-cv-00811-ACC-DAB


LARRY RUMBOUGH,

                                        Plaintiff - Appellant,

                    versus

EXPERIAN INFORMATION SOLUTIONS, INC.,
LEXISNEXIS RISK DATA RETRIEVAL SERVICES, LLC,

                                        Defendants - Appellees.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(September 3, 2015)



Before TJOFLAT, WILSON and BLACK, Circuit Judges.

PER CURIAM:

Larry Rumbough, proceeding *pro* se, appeals the district court's grant of summary judgment in favor of Experian Information Solutions, Inc. (Experian) and LexisNexis Risk Data Retrieval Services, LLC (LexisNexis) on his claims arising under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.* Rumbough contends (1) the district court erred by concluding most of his claims against Experian were barred by the doctrine of *res judicata*; (2) the district court erred by granting summary judgment to Experian on his claim that Experian violated 15 U.S.C. § 1681b by providing his consumer report to certain entities for impermissible purposes; (3) the district court incorrectly concluded Rumbough failed to present sufficient evidence to show that any alleged FCRA violation caused his purported damages; and (4) the district court erred by granting summary judgment to LexisNexis on his claim that LexisNexis violated 15 U.S.C. § 1681s-2 by failing to furnish and verify accurate information for his credit report.

The parties are familiar with the facts, so we will not recount them. After careful consideration, we affirm.

## 1. Res Judicata

The district court correctly determined that, with the exception of Rumbough's impermissible purposes claim, Rumbough's claims were barred by *res judicata*. Under the doctrine of *res judicata*, a claim is barred by prior litigation if: "(1) there is a final judgment on the merits; (2) the decision was

2

rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." *See Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1238 (11th Cir. 1999).

Rumbough does not dispute that the first three prongs of the *res judicata* test are satisfied—in 2007, he filed an action (*Rumbough I*)[1] that (1) was adjudicated on the merits (2) by a court of competent jurisdiction and (3) both he and Experian were named parties. Rather, Rumbough asserts the claims he raised in *Rumbough I* were distinct from the claims he raises in this action. We disagree. The complaints in both actions allege identical claims against Experian. Moreover, a review of the relevant documents from *Rumbough I* shows both actions were based upon the same nucleus of operative fact, *i.e.*, Experian's inaccurate reporting of a federal tax lien's location in the Orange County Circuit Court, as opposed to the Orange County Comptroller's office, and the denial of Rumbough's mortgage loan application purportedly as a result of the inaccurate reporting. *See id.* at 1238-39 ("[I]f a case arises out of the same nucleus of operative fact, or is based upon the same factual predicate, as a former action, . . . the two cases are really the same 'claim' or 'cause of action' for purposes of res judicata." (quotation omitted)).

---

[1] *Rumbough v. Equifax Information Services, LLC, et al.*, Case No. 6:07-cv-1136-Orl-18GJK.

Accordingly, the district court did not err in concluding Rumbough's claims, with the exception of his impermissible purposes claim, were barred by *res judicata*.

## 2.  *Impermissible Purposes*

With respect to Rumbough's newly-added impermissible purposes claim (to which the district court did not apply *res judicata*) the district court nonetheless properly granted summary judgment to Experian.  The FCRA describes certain permissible purposes for furnishing consumer reports, including to a person who "has a legitimate business need for the information—(i) in connection with a business transaction that is initiated by the consumer; or (ii) to review an account to determine whether the consumer continues to meet the terms of the account." 15 U.S.C. § 1681b(a)(3)(F).  Furnishing a consumer report to a person who intends to use the information for the "extension of credit" or the "collection of an account" is also permissible.  *Id*. § 1681b(a)(3)(A).

Rumbough claims Experian violated § 1681b by furnishing his credit report to four entities without a permissible purpose:  Bank of America, Chase, Oliphant Financial Corp., and Phillips & Cohen.  Rumbough has presented no evidence, however, that Experian issued Rumbough's report for any purpose not permitted by § 1681b.  To the contrary, Rumbough testified he received letters from Oliphant Financial Corp. and Phillips & Cohen regarding debt collection, which is a permissible use for consumer reports.  *See* 15 U.S.C. § 1681b(a)(3)(A).

Rumbough also testified he had credit cards and bank accounts with both Chase and Bank of America.  Because Rumbough was a current account holder, these entities were permitted to use his report to ensure that he "continue[d] to meet the terms of [his] account."  *See* 15 U.S.C. § 1681b(a)(3)(F).  Rumbough's conclusory allegations that Experian furnished his report for an impermissible purpose are insufficient to create a material issue of fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 ("[T]he nonmoving party [must] go beyond the pleadings and . . . designate 'specific facts showing that there is a genuine issue for trial.'"); *Ellis v. England*, 432 F.3d 1321, 1325-26 (11th Cir. 2005) ("[M]ere conclusions and unsupported factual allegations are legally insufficient to defeat a summary judgment motion.").  The district court therefore correctly granted summary judgment to Experian on Rumbough's impermissible purposes claim.

*3.  Damages*

Additionally, the district court correctly granted summary judgment to Experian because Rumbough cannot show any alleged FCRA violations caused his purported damages.  *See Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1161 (11th Cir. 1991) (explaining, in an FCRA case, the plaintiff has an "affirmative duty" to "com[e] forward with evidence supporting his claim that [the] alleged inaccurate report caused him harm.").  Rumbough presented no evidence that Experian's allegedly inaccurate reporting of the location of the

5

federal tax lien caused Rumbough's mortgage denial. Rather, the handwritten note on the mortgage application indicated the denial was based on the fact the lien was unpaid, not where the lien was located. *See id.* Furthermore, there is no evidence Experian acted with the intent necessary to award statutory damages, which are available only for "willfully fail[ing] to comply" with FCRA. *See* 15 U.S.C. § 1681n. The district court correctly granted summary judgment to Experian on Rumbough's damages claims.

## 4. *LexisNexis*

The district court likewise correctly granted summary judgment to LexisNexis. Rumbough claims LexisNexis violated 15 U.S.C. § 1681s-2 by knowingly misreporting the filing location of the federal tax lien. *See* 15 U.S.C. § 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."). As discussed above, however, Rumbough presented no evidence that the inaccuracy of the location of the lien on his consumer report caused the denial of his mortgage application. Rather, the evidence showed his mortgage application was denied because the federal tax lien existed, not because notice of the lien was filed in a particular location. Accordingly, the district court properly granted summary judgment in favor of LexisNexis. *See Nagle v. Experian Info. Solutions, Inc.*, 297 F.3d 1305,

6

1307 (11th Cir. 2002) ("[T]he failure to produce evidence of damage resulting from a FCRA violation mandates summary judgment."); *Cahlin*, 936 F.2d at 1161 (affirming summary judgment against plaintiff's FCRA claim because plaintiff failed to establish the "inaccurate information on th[e] report was the cause of [plaintiff's] denial of credit").

*    *    *

For the foregoing reasons, the district court's judgments in favor of LexisNexis and Experian are **AFFIRMED**.