[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-14539

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 16, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-10046 CV-KMM

ASSOCIATION OF DISABLED AMERICANS,
MICHELLE WISNIEWSKI,
DANIEL RUIZ, Archivist,

Plaintiffs-Appellants,
Cross-Appellees,

versus

NEPTUNE DESIGNS, INC.,

Defendant-Appellee,
Cross-Appellant,

JAY PFAHL,
CAKMEUZA PFAHL,
a.k.a. Carmenza Pfahl,
FLORADELLE A. PFAHL,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

**(November 16, 2006)**

Before EDMONDSON, Chief Judge, BARKETT and COX, Circuit Judges.

PER CURIAM:

The Association of Disabled Americans, Michelle Wisniewski, and Daniel Ruiz (collectively, the "Association") appeal from a final order of the district court adopting the magistrate judge's Report and Recommendation ("R & R") granting in part and denying in part Plaintiffs' Verified Application for Attorney's Fees and granting in part and denying in part Plaintiffs' Verified Application for Costs, Expert Fees and Litigation Expenses. The Association claimed fees and costs as prevailing parties in a lawsuit against Neptune Designs, Inc., Jay Pfahl, Carmenza Pfahl, and Fioradelle A. Pfahl (collectively, "Neptune") under 42 U.S.C. §12181 et seq., Title III of the Americans with Disabilities Act ("ADA").

On appeal, the Association argues that the district court erroneously reduced the award of legal fees and expert costs on the ground that the Association failed to provide pre-suit notice of the alleged ADA violations to Neptune. In response

and through their cross appeal, Neptune argues that the district court erred in awarding any fees and costs to the Association.  We vacate the award and remand.

## I.  BACKGROUND

The Association's Complaint against Neptune Designs, a jewelry store and retail facility, requested injunctive relief for access and barrier removal pursuant to the ADA.  The Complaint also requested prevailing party attorney's fees, costs, and litigation expenses, as provided for by 42 U.S.C. § 12205.

The parties agreed to mediation and entered into a settlement agreement (the "Agreement"), resulting in a Joint Notice of Voluntary Dismissal with Prejudice. The Agreement provided that the court retain jurisdiction to enforce the settlement and to determine the parties' entitlement to fees and costs.  The Association filed a Verified Fee Application, seeking $18,669.75 in attorney fees, $752.34 for litigation expenses and costs, and $3,370.50 in expert fees and costs.  Neptune opposed the Association's motion for fees and costs on the basis that no notice was provided prior to the filing of the Association's Complaint.

The Magistrate, without holding an evidentiary hearing, issued a Report & Recommendation ("R & R"), granting in part and denying in part the

3

Association's Verified Fee Application. While upholding the Association counsel's hourly rate and finding the Plaintiffs to be the prevailing party, the R & R granted the Association a significantly reduced award of fees and costs. The Association timely filed objections to the R & R. The district court entered a one page order adopting the R & R in full. Both parties now appeal from that order.

## II. DISCUSSION

Section 12205 of the ADA authorizes a court, in its discretion, to "allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs . . . ." 42 U.S.C. § 12205. In calculating a reasonable attorney's fee award, the court must multiply the number of hours reasonably expended on the litigation by the customary fee charged in the community for similar legal services to reach a sum commonly referred to as the "lodestar." Hensley v. Eckerhart, 461 U.S. 424, 433-34, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983); Norman v. Housing Auth., 836 F.2d 1292, 1299 (11th Cir. 1988). The court may then adjust the lodestar to reach a more appropriate

attorney's fee, based on a variety of factors, including the degree of the plaintiff's success in the suit.[1]  Hensley, 461 U.S. at 435-36, 103 S.Ct. at 1940-41.

In this case, the magistrate judge found the requested fee "excessive or unnecessary" under the Hensley formula and reduced the award, noting that "no notice was given before suit was filed, and less than twenty days after the service of the complaint, the defendants advised the plaintiffs of their willingness to make whatever changes the plaintiffs wanted."  The magistrate also referred to the experience and skill of the Association's counsel, the "cookie-cutter" nature of the suit and settlement agreement,[2] and the secretarial nature of some of the work for which payment was requested.  The district court adopted these findings and the magistrate's recommendation to reduce the fee award from the amount requested

---

[1] The Hensley Court acknowledged that district courts may continue to consider the twelve factors outlined by the former Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974), although it noted that "many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate."  Hensley, 461 U.S. at 434 n.9, 103 S.Ct. at 1940 n.9.

The Johnson factors include:  (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.  See Johnson, 488 F.2d at 717-19.

[2] It is undisputed that the magistrate did not examine the settlement agreement.

5

based on these findings.[3]  We review the district court's decision to award fees and expenses under the ADA for abuse of discretion.  Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1179 (11th Cir. 2005).  "'An abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous.'"  Id. at 1180, quoting In re Red Carpet Corp., 902 F.3d 883, 890 (11th Cir. 1990).

As the magistrate acknowledged, unlike some other civil rights statutes, the ADA does not require pre-suit notice for claims filed against private public accommodations.  See 42 U.S.C. §§ 12188(a)(1), 2000a-3(a).  A person may file a suit seeking relief under the ADA without ever notifying the defendant of his intent to do so, and the district court may not dismiss the suit for lack of pre-suit notice.  Of course, in awarding attorney's fees, a district court has discretion to consider, among other things, whether the litigation is frivolous or whether the plaintiff declined to settle after receiving a fair offer of judgment.  See, e.g., Fed.

---

[3]The district court also adopted the magistrate's reductions of the fees due the Association for the work of their expert.  It is unclear whether those reductions are related to the finding that the litigation was unnecessary.  To the extent that the reduction in expert fees was based on the magistrate's decision that the suit was unnecessary, the record is insufficient to support such reductions, as discussed infra.

R. Civ. P. 11, 68.[4]  And, a district court may consider whether the plaintiff's

failure to ask for or to accept voluntary compliance prior to suit indicates that the

plaintiff has acted in bad faith, has been unduly litigious, or has caused

unnecessary trouble and expense.

We stress that pre-suit notice is not required to commence suit under the

ADA and that lack of pre-suit notice does not compel a reduction of the requested

fee award.[5]  But where the factual record supports a finding that the plaintiff filed

or maintained a suit unnecessarily, a district court may properly consider such a

finding in setting the amount of attorney's fees.  Here, the factual record is

incomplete and now does not support the reduction in the fee award.  The only

evidence the magistrate judge allowed on the contested issues of pre-suit notice

---

[4] Rule 11 requires a party who files "a pleading, written motion, or other paper" to certify that the filing is "not being presented for any improper purpose, such as . . . needless increase in the cost of litigation." Fed. R. Civ. P. 11(b).  When a court determines that Rule 11(b) has been violated, the court has discretion to sanction the litigious party by awarding the opposing party expenses and fees incurred in defense of the frivolous suit.  Fed. R. Civ. P. 11(c).

Rule 68 was established to discourage litigiousness and unnecessarily prolonged litigation. Rule 68 allows a defendant to make an offer of judgment; if a plaintiff refuses the offer and then ultimately recovers less at trial than the offer amount, the plaintiff is required to pay the costs incurred from the time of the offer.  As the Supreme Court has stated, "The plain purpose of Rule 68 is to encourage settlement and avoid litigation." Marek v. Chesny, 473 U.S. 1, 5 (1985).

[5] In general, a district court's discretion in denying fees totally for prevailing parties under statutory schemes similar to section 12205  is "exceedingly narrow."  See Solomon v. City of Gainesville, 796 F.2d 1464, 1466 (11th Cir. 1986).  Contrary to Neptune's argument and cross appeal, the district court did not err by failing to deny altogether the Association's Verified Fee Application. In addressing the merits of the cross appeal, we DENY AS MOOT the Association's Motion to Strike the cross appeal.

7

and Neptune's offer of compliance was an untimely affidavit from the owners of Neptune stating that they had not received pre-suit notice of the ADA violations from the Association and that they had agreed to "do everything the Plaintiffs wanted with the exception of paying any unreasonable fee to Plaintiffs."[6] Receiving evidence from only one party on a disputed material fact outside the court's expertise is inherently unfair and an abuse of discretion. See Love v. Deal, 5 F.3d 1406, 1409 (11th Cir. 1993) (district court abused its discretion by failing to hold an evidentiary hearing where there was dispute of material fact that could not be resolved from the record); Norman v. Housing Auth., 836 F.2d 1292, 1304 (11th Cir. 1988) ("[W]here there is a dispute of material historical fact such as whether or not a case could have been settled without litigation . . . , an evidentiary hearing is required.").

---

[6]The Association moved to strike the affidavit and, in the alternative, requested permission to supplement the record to refute Neptune's assertions about pre-suit notice and offer of voluntary compliance. The Association had asserted throughout the litigation that Plaintiff Wisniewski had complained multiple times to Neptune of the ADA violations before filing suit and that Neptune had been uncooperative and misleading throughout the settlement negotiations. Neptune acknowledged that a dispute of fact existed over whether Wisniewski gave pre-suit notice and whether Neptune had offered – in good faith – to correct the alleged violations. Both parties requested an evidentiary hearing to resolve the dispute. Without holding a hearing, the magistrate judge denied the motion to strike and denied the motion for an evidentiary hearing. The Association again objected to the magistrate's findings on pre-suit notice in their objections to the R & R, alleging that "actual notice in a prior suit and Plaintiff Wisniewski's complaints went unheeded." The district court – without acknowledging the factual dispute over pre-suit notice – adopted the R & R in full.

8

## III. CONCLUSION

Because the magistrate judge failed to hold an evidentiary hearing to resolve disputed facts material to whether the litigation was unnecessary, the district court abused its discretion in adopting the magistrate's R & R, which recommended reducing the fee award based on that factor. Therefore, we vacate the award and remand for further proceedings, consistent with this opinion, on the amount of attorney's and expert fees to be awarded to the Association.

VACATED AND REMANDED.

BARKETT, Circuit Judge, specially concurring:

The magistrate judge and the district court in this case lacked any factual basis for their reduction of fees to the Plaintiffs. As the majority opinion states, pre-suit notice is not required of plaintiffs asserting a cause of action under the ADA. The Defendants presented no evidence that the Plaintiffs' suit was brought frivolously or maintained longer than was necessary. See Fed. R. Civ. P. 11, 68. Therefore, I concur.