Charlie JONES, Plaintiff,

v.

**EAGLE–NORTH HILLS SHOPPING CENTRE, L.P., Defendant.**

**No. 06–CIV–161–RAW.**

United States District Court, E.D. Oklahoma.

March 21, 2007.

Stephan M. Nitz, Schwartz Zweben & Slingbaum, Hollywood, FL, Juliet N. Brennan, Bonds & Matthews Law Firm, Muskogee, OK, for Plaintiff.

Lu Ann Stout, Hiltgen & Brewer, Oklahoma City, OK, for Defendants.

## ORDER

WHITE, District Judge.

Before the Court is Plaintiff's Motion for Attorneys' and Expert's Fees, Litigation Expenses and Costs [Docket No. 50], filed on December 15, 2006. On December 29, 2006, Defendant filed its Response in Opposition to the Motion [Docket No. 51]. The Court has also considered the supplemental briefs filed by both parties regarding the issue of whether "attorney fees should be withheld if no clear advance notice and opportunity to cure is given." (Plaintiff's Memorandum of Law and Response to the Court's Order Entered on February 7, 2007 [Docket No. 57] and Defendant's Supplement to Objection to Plaintiffs' Claims for Fees, Costs and Expenses [Docket No. 58]). Lastly, the Plaintiff filed (without a request from the Court for additional authority, and without prior leave of court as required by the Local Civil Rules) a Supplemental Memorandum of Law [Docket No. 59] regarding a recent decision issued from the Middle District of Florida; Defendant quickly filed (likewise without prior Court approval) a Response to Plaintiff's Memorandum of Law [Docket No. 60].

### Introduction

This case was originally filed on April 27, 2006 alleging violations of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") against the Defendant North Hills–Ada—Shopping Center, L.P. On May 18, 2006, Plaintiff filed his First Amended Complaint [Docket No. 19] adding Eagle–North Hills Shopping Centre, L.P. as a Defendant.

The ADA violations alleged by the Plaintiff include (but are not limited to) matters such as the following: lack of proper signage at the accessible parking spaces; cross slopes too steep in various accessible parking spaces; improper access aisles at various accessible parking spaces; entry doors at various locations with panel-type pull handles; and last but certainly not least, a public telephone lacking proper floor clearance (trash in the way).

On November 13, 2006, the parties filed a Joint Stipulation of Voluntary Dismissal Without Prejudice [Docket No. 45] dis-

missing Defendant North Hills—Ada—Shopping Center, L.P. On December 7, 2006, the parties filed a Joint Notice of Settlement [Docket No. 46].

The parties have fully briefed the issues, and the Court has carefully considered the motions, objections, supporting and supplemental briefs, and exhibits regarding this issue. For the following reasons, the Court awards Plaintiff attorney's fees, expert fees, litigation expenses, and costs as outlined below.

## I. Attorney's Fee Award

Plaintiff has filed his motion for fees and costs, requesting the following:

| | |
|---|---|
| Attorney's Fees | $ 7,806.00 |
| Local Counsel Fees | 1,024.37 [1] |
| Expert Fees | 4,280.00 |
| Costs | 1,125.21 |
| Total | $14,235.58 |

■ In its Response in Opposition [Docket No. 51], Defendant did not dispute that Plaintiff's counsel is entitled to recover reasonable attorney's fees and costs. Defendant objected to the requested amounts, however, arguing that Plaintiff's attorney's fees are excessive, the expert fees are unreasonable, and that Plaintiff seeks costs outside those allowed by federal statute. Defendant also stated that Plaintiff failed to comply with local rules regarding the submission of a bill of costs. The filing of a bill of costs is waived in this case in order to expedite the process of determining the reasonable fees and costs. In its Supplement [Docket No. 58], however, Defendant requested the Court deny Plaintiff's application for costs, litigation expenses and attorney fees.

## A. Standard for Attorney's Fee Award

■ Pursuant to 42 U.S.C. § 12205, a court may, in its discretion, allow a Plaintiff to recover attorney's fees if the Plaintiff is a "prevailing party":

> In any action ... commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party ... a reasonable attorney's fee, including litigation expenses, and costs[.]

42 U.S.C.A. § 12205. A plaintiff becomes a "prevailing party" if "actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Farrar v. Hobby*, 506 U.S. 103, 111–12, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992).

■ The Court finds the Plaintiff to be the "prevailing party" in this matter. *See, Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). Thus, Plaintiff is entitled to recover reasonable attorney's fees and costs.

## B. Lodestar Amount

■ To determine a reasonable attorney's fee, courts use the lodestar method by which a reasonable hourly rate is multiplied by the reasonable number of hours worked on the case. *See, Case v. Unified School District No. 233*, 157 F.3d 1243, 1249 (10th Cir.1998). The district court is required to exclude from the initial fee calculation hours that were not "reasonably expended," i.e., that are excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). *See also, Case v. Unified School Dist. No. 233, Johnson County, Kan.*, 157 F.3d 1243, *1250 (10th Cir.1998) (The district court may also reduce the reasonable hours awarded if "the number [of compensable

---

**1.** Even though there are some costs included in this item (filing fee and postage), they will remain categorized as "Local Counsel Fees" for purposes of this Order.

hours] claimed by counsel include[s] hours that were unnecessary, irrelevant and duplicative." quoting *Carter v. Sedgwick County, Kan.,* 36 F.3d 952, 956 (10th Cir. 1994)). Further, the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates. *Mares v. Credit Bureau of Raton,* 801 F.2d 1197, 1201 (10th Cir.1986).

"The first step in setting a rate of compensation for the hours reasonably expended is to determine what lawyers of comparable skill and experience practicing in the area in which the litigation occurs would charge for their time." *Case,* 157 F.3d at 1256 (quoting *Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir.1983)). *See also, Beard v. Teska,* 31 F.3d 942, *956 (10th Cir.1994) ( . . . [T]he relevant market value is not the price that the particular lawyer chosen may be paid by willing purchasers of his or her services, but rather the price that is customarily paid in the community for services like those involved in the case at hand.)

Plaintiff alleges that ADA cases are "highly technical and a specialized area of law in which very few lawyers are truly competent. . . . This separates the undersigned from other counsel in the Eastern District of Oklahoma on less specialized litigation . . ." Counsel for Plaintiff provided copies of four (4) orders from the Western District of Oklahoma as justification for the attorney's hourly rate requested in the application.

■■ Defense counsel points out, however, that Plaintiff failed to attached any affidavits to support his request for attorney's fees. Both types of supporting documentation, however, are helpful to the Court. " . . . [A]ffidavits reciting the precise fees that attorneys with similar qualifications have received from fee-paying clients in comparable cases provide prevailing community rate information. Re-

cent fees awarded by the courts or through settlement to attorneys of comparable reputation and experience performing similar work are also useful guides in setting an appropriate rate." *National Ass'n of Concerned Veterans v. Secretary of Defense,* 675 F.2d 1319, *1325 (C.A.D.C., 1982). Further, the Court may consider a request for attorney fees "in light of its own knowledge and experience with or without the aid of witnesses as to value or hours dedicated to litigation." *See Association for Disabled Americans, Inc. v. Integra Resort Management, Inc.,* 385 F.Supp.2d 1272, 1287 (M.D.Fla.2005).

In its objection, Defendant's counsel provides two affidavits—one by Mark Edwards, defense counsel in *Lawson, et al. v. Robson,* Case No. 04–CV–246–W, Western District of Oklahoma (counsel charged $175.00 per hour in that matter) and one by defense counsel in this matter (counsel is charging $160.00 per hour in this case).

■■ Plaintiff alleges that neither "he, nor his counsel know of any attorneys in Oklahoma who handle Plaintiff Title II and Title III ADA cases." Thus, Plaintiff alleges it was necessary to retain out of state counsel. "While a party is free to select counsel from any locality, absent a clear showing that the matter could not reasonably have been handled by counsel from the locality, rates above the prevailing local hourly rates should not be applied." *Praseuth v. Rubbermaid, Inc.,* 406 F.3d 1245, *1259 (10th Cir.2005). The Court is not persuaded that this matter could not have been handled by local attorneys. This Court does not subscribe to the idea that no lawyer in this state is willing or has the requisite knowledge or experience necessary to handle ADA litigation. Plaintiff has not made a clear showing that the matter could not have been handled by counsel within the State of Oklahoma, and therefore the prevailing local hourly rates should apply.

While ADA litigation may not be the most common in Oklahoma, the Court finds that this litigation is not so unusual or highly technical such that only out-of-state attorneys are qualified to handle these cases. The Court acknowledges, however, the experience of Plaintiff's counsel in ADA litigation, albeit due to the sheer number of ADA lawsuits filed in this district and in the Western District of Oklahoma.[2]

 The Court makes the following adjustments to Plaintiff's request for attorney's fees:

1. Plaintiff asserts that his out-of-state counsel should be compensated for 38.9 hours of work at a rate of $200.00 per hour. In its discretion and based upon this Court's personal knowledge and experience, the Court finds that $160.00 per hour is a rate more consistent with local practice. This results in a reduction of $1,556.00.

2. A review of Mr. Nitz's time records shows that on ten (10) occasions, counsel charged 0.1 hour to review copies of pleadings that he prepared, after they were filed with the Court. The Court finds these charges unnecessary, and thus Mr. Nitz's hours will be reduced by 1.0 hours. This results in a reduction of $160.00.

3. Mr. Nitz charged 0.4 hours to prepare pleadings that are not used or required by this Court (Notice of Pendency and Corporate Disclosure Statement). These charges will not be allowed. This results in a reduction of $64.00.

4. Mr. Nitz charged 2.5 hours to prepare the complaint in this matter. The Court finds this entry to be unreasonable. The Court believes that the majority of the pleadings in ADA cases are form pleadings that necessitate little revision for each new case. *See Access 4 All, Inc. v. Grandview Hotel Limited Partnership*, 2006 WL 566101, *4 (E.D.N.Y.) ("These reductions are warranted due to the garden variety nature of this action and its lack of complexity.") This time entry is reduced by 2.0 hours, with the Court awarding 0.5 hours for preparation of the complaint. This results in a reduction of $320.00.

5. Mr. Nitz charged 1.1 hours to prepare an amended complaint, after having initially filed suit against the former property owner. The Court finds this entry to be unreasonable, at the least, as little revision would have been necessary to prepare the stock amended complaint filed by counsel. This time entry is reduced by 0.8 hours, with the Court awarding 0.3 hours for preparation of the amended complaint. This results in a reduction of $128.00.

6. Mr. Nitz charged 1.5 hours regarding interrogatories received from Defendant, which were minimal at best. The Court finds this entry to be unreasonable, and therefore, this time entry is reduced by 1.0 hours, with the Court awarding 0.5 hours for all work regarding the answers to interrogatories. This results in a reduction of $160.00.

---

**2.** As of the Court's last inquiry, Mr. Nitz has filed 16 cases in the Eastern District, and 64 cases in the Western District. The Court also notes that Plaintiff in this case, Mr. Jones, has filed 7 cases in the Eastern District and 7 cases in the Western District. The Court is curious, however, as to why the Northern District of Oklahoma has remained uncharted territory for these litigants.

7. Plaintiff also requests that his local counsel be compensated at the rate of $150.00 per hour for local counsel Hayes & Ericson and $175.00 per hour for local counsel Bonds & Matthews. In its discretion and based upon this Court's personal knowledge and experience, the Court believes that $150.00 per hour for local counsel is a rate more consistent with local practice. This results in a reduction of $66.75.

8. Many of the time entries for local counsel Bonds & Matthews, however, contain multiple tasks under each time entry, which is often referred to as "block billing." *Bublitz v. E.I. duPont de Nemours and Co.*, 224 F.Supp.2d 1234, 1251 n. 9 (S.D.Iowa 2002). "Lumping multiple tasks into a single entry of time" is highly discouraged. *Cadena v. Pacesetter Corp.*, 224 F.3d 1203, 1214 (10th Cir. 2000). The Court cannot determine whether the time spent on each activity separately was reasonable. Therefore, all time entries by local counsel which contain block billing are reduced. Additionally, several of the block entries by local counsel reference work that is clearly clerical in nature, i.e., mailing copies, faxing, which this Court would not deem "billable" in nature. Bonds & Matthews' hours are reduced by 1.4 hours at $150.00 per hour. This results in a reduction of $210.00.

## II. Expenses and Costs

 To be awarded, expenses must be reasonable and of the kind normally billed to the client and not absorbed by the law firm as overhead expense. *Neufeld v. Searle Labs.*, 884 F.2d 335, 342 (8th Cir. 1989). Allowable costs in most cases are limited to the categories set forth in 28 U.S.C. § 1920. Pursuant to Rule 54(d) and 28 U.S.C. § 1920, the Court must carefully scrutinize the claimed costs and the support offered for them. *Farmer v. Arabian American Oil Co.*, 379 U.S. 227, 232–33, 235, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964). The 10th Circuit Court of Appeals stated in *Mares* that "[i]tems that are normally itemized and billed in addition to the hourly rate should be included in fee allowances ... *if reasonable in amount.*" *Mares v. Credit Bureau of Raton*, 801 F.2d 1197, *1208 (10th Cir.1986) (quoting *Ramos*, 713 F.2d at 559 (emphasis in original)).

 The Court makes the following adjustments to Plaintiff's request for expenses:

9. Counsel charged travel expenses to and from Oklahoma, and states that these charges are pro-rated. Counsel fails to state how they were pro-rated among how many and which cases. The Court cannot determine whether the monies spent on these travels was reasonable. Therefore, all such pro-rated travel expenses in the amount of $607.64 are denied. Additionally, the Court finds that travel expenses by out-of-state counsel to conduct a site inspection (which have been denied due to being pro-rated) are also unnecessary and unreasonable expenses.[3] This

---

3. "It is of course true, just as in George Orwell's *Animal Farm* ('All animals are equal, but some animals are more equal than others'), that lawyers' services in any given matter may occupy a wide spectrum from the most mundane to those demanding the greatest levels of sophistication and experience. In the hypothetical ideal legal world, if it could be accomplished without the inevitable slippage involved in keeping a number of lawyers apprised of the status of a matter, such routine activities as a court call to report on status could be handled by low-priced associates (or perhaps even by paralegals),

Court is not persuaded that a local expert could not have been utilized, and that local counsel could not have handled any site inspection.

10. Counsel charged $75.00 for an "ownership search" and $4.10 for Pacer charges prior to filing suit. These charges are not allowed, as they were obviously not accurate, resulting in the wrong party being named in the original complaint.

### A. Expert Witness Fee

 Expert witness fees are to be included in the term "litigation expenses" in ADA cases. *Hall v. Claussen,* 6 Fed. Appx. 655, *681, 2001 WL 219088, *20 (10th Cir.2001). Plaintiff requests fees for his expert witness, Steve Mason and Tcherneshoff Consulting, Inc., in the amount of $4,280.00. Mason charges $200.00 per hour for his services. As previously stated, the Court is not convinced that a local expert could not have been utilized for this work at a much lower cost. While Plaintiff's counsel may be familiar with this consulting firm, that is not reason enough to justify the exorbitant fees.

11. Mason pro-rates his charges for time to travel to and from the site. However, like Plaintiff's counsel, he fails to indicate the total time for such travel and how many and which cases were used in the pro-ration. The Court cannot determine whether the monies spent on this travel was reasonable. Therefore, Mason's pro-rated charge for travel time in the amount of $1,040.00 is denied.

12. Additionally, Mason charged 12.8 hours to prepare the expert report. Defense counsel alleged that Mason's reports in all ADA cases are

while the high-priced partner's time would be devoted exclusively to activities calling for the special abilities that the partner brings to the

substantially the same and attached a representative report for the Court's comparison. The Court finds that Mason's hours charged is excessive for this item, and that 6.0 hours is a more reasonable compensation for preparing the expert report. Therefore, Mason's hours for preparing the expert report is reduced from 12.8 to 6.0 hours. This results in a reduction of $1,360.00.

### III. Adjustment Based on Results Obtained

 A district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation. *Hensley,* at 435, 103 S.Ct. 1933. The Supreme Court has rejected a strictly mathematical formula which would make the award of attorney's fees the same ratio as the ratio between the successful issues to the total number of issues in the case. *Hensley,* at 435 n. 11, 103 S.Ct. 1933.

 Plaintiff filed this action as a result of barriers that allegedly existed at the Defendant's shopping center. A review of the expert's report, however, indicates that many of the alleged violations were not structural in nature. Indeed, some of the items in the expert report clearly state that there is no ADAAG requirement for the item listed, but rather "a number of states" have agreed on a standard. This Court does not agree that a business owner should be forced to comply with a standard that is not even endorsed by the ADAAG. Thus, this Court believes the relief obtained was less than monumental.

case." *Beard v. Teska,* 31 F.3d 942, *957 (C.A.10 (Okl.),1994).

13. The Court finds that Plaintiff's attorney's fees should be reduced from the amount requested. The Court will reduce Plaintiff's award of attorney's fees by 10 percent. This results in a reduction of $622.40.

## IV. Adjustment Based on Quality of Work

■ This Court has had multiple opportunities to gauge the quality of work performed by Plaintiff's counsel. According to *Ramos v. Lamm,* 713 F.2d 546, 555 (10th Cir.1983), the "quality of the lawyer's performance in the case should also be considered in placing a value on his or her services."

■ Plaintiff's counsel, Mr. Nitz, has been before this Court in three cases.[4] This Court has seen less than excellent workmanship from Plaintiff's counsel. In the case of *Jones v. Raintree Motor Inn,* Eastern District of Oklahoma, Case No. 05–CV–408–RAW, this Court repeatedly admonished counsel regarding his Rule 26 Disclosures. Finally, in a deliberate attempt to finalize the matter, counsel and his client were both required to appear in person before this Court. At that hearing, counsel was "encouraged to adhere to the deadlines set in the future by the Court." Clearly, such actions should not be necessary with counsel that claims to be the "cream of the crop" in his chosen expertise.

Similar to the present case, in *Jones v. M & S Management Corporation,* Eastern District of Oklahoma, Case No. 06–CV–144–RAW, Plaintiff initially filed · suit against the wrong party. A Motion to Dismiss was filed by the original defendants, and approximately one month later, an Amended Complaint was filed by Plaintiff.

This Court's most recent example of Plaintiff's counsel's less than outstanding work product was in the case of *Wilkinson v. City of McAlester,* Eastern District of Oklahoma, Case No. 06–CV–494–RAW. This Court recently entered an Order to show cause due to Plaintiff's failure to timely file his Rule 26 disclosures. In Plaintiff's response, Mr. Nitz's legal assistant aptly "fell on the sword" for her employer, claiming that she made a typographical error when entering the deadline in their calendar program. It is this Court's view, however, that the buck stops with counsel, not his loyal employees.

Additionally, in carefully reviewing Plaintiff's motion for attorney's fees and costs, Plaintiff cites only one 10th Circuit case in his twenty-one page brief. The majority of the case law cited by Plaintiff is from the 11th Circuit, which is of limited benefit to this Court. This reminds the Court of the famous quote from the 1939 classic *The Wizard of Oz,* "Toto, I've got a feeling we're not in Kansas anymore." This Court would appreciate if Plaintiff's counsel would cite controlling case law for this circuit in his future briefs before this Court.

Plaintiff's counsel claims to be "recognized as one of the leading law-firms in this area of law nationally" and also claims to have "significant experience and knowledge in this highly technical practice area." This Court, however, sees a pattern of unnecessary work for opposing counsel and this Court due to Plaintiff's less than stellar work product.

14. The Court finds that Plaintiff's attorney's fees should be reduced

---

4. Mr. Nitz was also counsel of record in a fourth case assigned to this Court, *Wilkinson v. U.S. Beef Corporation, Eastern District of* Oklahoma, Case No. 06–CV–217–JHP. This case was reassigned to another judge due to a possible conflict of interest.

from the amount requested. The Court will reduce Plaintiff's award of attorney's fees by 10 percent. This results in a reduction of $622.40.

## V. Adjustment Based on Lack of Advance Notice and Opportunity to Cure

In Plaintiff's Memorandum of Law and Response to the Court's Order Entered on February 7, 2007 [Docket No. 57], Jones provides an affidavit that recites his efforts to assist businesses in the Ada, Oklahoma area to comply with the provisions of the ADA. He states in generalities that he would offer his voluntary assistance to businesses he patronized, and that only one such business actually rectified their barriers without a lawsuit having to be filed. The record reflects that around 1993 to 1994, Jones allegedly met a man who was in charge of renovating the subject property, and that he verbally informed this person of alleged barriers to access.

Counsel states in his Memorandum that Jones was "unsuccessful in coaxing businesses to comply with this federal law which didn't otherwise require him to provide notice or engage in a futile gesture." Plaintiff paints with an ironically broad brush when stating that giving notice is futile because all businesses are simply unresponsive to requests for accommodation. This appears to reflect a propensity for stereotyping that, one might hope, litigants promoting civil rights enforcement would be loathe to employ.

■ As the Plaintiff mentioned in his Memorandum of Law, the ADA does not require any notice to a defendant prior to the filing of a lawsuit. Additionally, Congress has attempted on several occasions to amend the ADA to provide pre-suit notice. Those efforts have failed each time. This Court has no intention or desire to circumvent Congress. The Court believes, however, the issue of pre-suit notice can be one factor to consider not to deny a plaintiff's attorney fee request *in toto*, but rather a factor to consider when determining the amount of attorney fees to award. *See Doran v. Del Taco, Inc.*, 373 F.Supp.2d 1028, 1032 (C.D.Cal.2005) ("Although a warning notice is not a prerequisite to filing an ADA suit, several courts have begun to consider whether, in the exercise of proper discretion, attorneys' fees should be withheld if no clear advance notice and opportunity to cure is given."). *See also, Rodriguez v. Investco, LLC,* 305 F.Supp.2d 1278, 1282, n. 14 (M.D.Fla.2004) ("One might reasonably ask whether attorney's fees should be awarded where no effort is made pre-suit to obtain voluntary compliance.") and *Macort v. Checker Drive–In Restaurants, Inc.,* 2005 WL 332422, *1 (M.D.Fla., Jan.28, 2005) ("This Court is not inclined to award attorney's fees for prosecuting a lawsuit when a pre-suit letter to the Defendant would have achieved the same result.")

In Plaintiff's Supplemental Memorandum,[5] he states that "the lack of pre-suit notice does not present *any basis* to reduce or deny the award of attorney's fees and expenses to a prevailing plaintiff." (Supplemental Memorandum, Page 2.) He attached a copy of the recent decision in *Lamb, et al. v. Lee County,* 2:05–cv–246–FtM–99–SPC, 2007 WL 704944 (M.D.Fla.

---

**5.** Local Civil Rule 7.1(k) states that supplemental briefs "are not encouraged and may be filed *only upon motion and leave of Court.*" (emphasis added.) In the present matter, Plaintiff failed to obtain leave of Court prior to filing his supplemental brief. As discussed previously, this Court is not enamored by the quality of work produced by Plaintiff's counsel. While the Court appreciates the supplemental authority provided, the Court does not appreciate counsel's infraction of the Local Rules.

March 2, 2007). The court in *Lamb* relied on the decision in *Association of Disabled Ams. v. Neptune Designs, Inc.,* 469 F.3d 1357 (11th Cir.2006) regarding the issue of pre-suit notice.

This Court has reviewed the *Lamb* decision provided by Plaintiff's counsel, and has also reviewed the *Neptune* decision. This Court does not agree with Plaintiff's interpretation of these cases and that the lack of pre-suit notice does not present *any basis* to reduce fees. Indeed, the *Lamb* decision states that lack of pre-suit notice "does not compel a reduction of the requested fee award." *Lamb,* p. 3. Further, the Court in *Neptune* was much more explicit on this issue:

> Of course, in awarding attorney's fees, a district court has discretion to consider, among other things, whether the litigation is frivolous or whether the plaintiff declined to settle after receiving a fair offer of judgment. *See, e.g.,* Fed. R.Civ.P. 11, 68.... And, a district court may consider whether the plaintiff's failure to ask for or to accept voluntary compliance prior to suit indicates that the plaintiff has acted in bad faith, has been unduly litigious, or has caused unnecessary trouble and expense.
>
> We stress that pre-suit notice is not required to commence suit under the ADA and that lack of pre-suit notice does not compel a reduction of the requested fee award.... But where the factual record supports a finding that the plaintiff filed or maintained a suit unnecessarily, a district court may properly consider such a finding in setting the amount of attorney's fees.

*Association of Disabled Americans v. Neptune Designs, Inc.,* 469 F.3d 1357, *1360 (11th Cir.,2006). In short, Plaintiff's counsel has improperly filed a brief in which he comes dangerously close to misrepresenting legal authority. Such actions simply compound the problems noted pre-

viously regarding counsel's quality of work.

The Court now looks to the adequacy of the one and only notice provided by Plaintiff. The Plaintiff asserts that around 1993 or 1994, he verbally informed a man who was doing renovation work at the property that there were barriers to access. Clearly, even the Plaintiff (himself a very educated and learned individual) should realize this was not adequate pre-suit notice.

The California Supreme Court has adopted a view that in order to recover attorney's fees in a private attorney general case, a plaintiff "must have engaged in a reasonable attempt to settle his or her dispute with the defendant before litigation." *Doran,* at 1032. In that case, the Plaintiff had sent an undated, unsigned letter to the Defendant that listed various complaints and asked the restaurant to "please take care of these problems at once." *Id,* at 1034. That court found the plaintiff's pre-suit notice to be ambiguous and not an adequate notice of a pending lawsuit. In the present case, giving a verbal notice approximately 13 years prior to filing suit, and to an unknown representative of the business establishment is not adequate notice prior to filing legal action.

The record reflects that the property was purchased by the Defendant merely months prior to the instant suit being filed. Similar to the case of *Rodriguez,* the Defendant here "simply purchased an existing non-compliant facility." *Id,* at 1283. This Defendant had no knowledge of Plaintiff's alleged efforts to rectify barriers to access. Once the Defendant was provided a copy of the Plaintiff's expert report, Defendant agreed to make the modifications and the case promptly settled. Plaintiff clearly failed to give adequate pre-suit notice and failed to "ask for or to accept voluntary compliance prior to suit;" therefore, Plaintiff "filed or maintained a suit unnecessarily." *Neptune,* at 1360.

15. The Court finds that Plaintiff's attorney's fees should be reduced from the amount requested. The Court will reduce Plaintiff's award of attorney's fees by 10 percent. This results in a reduction of $622.40.

### Calculation

Plaintiff's motion for fees and costs requests the following:

| | |
|---|---|
| Attorney's Fees | $ 7,806.00 |
| Local Counsel Fees | 1,024.37 |
| Expert Fees | 4,280.00 |
| Costs | 1,125.21 |
| Total | $14,235.58 |

The following is a list of the adjustments made to the request for fees and costs:

| | | |
|---|---|---|
| 1. | Reduction in hourly rate | $1,556.00 |
| 2. | Review pleadings | 160.00 |
| 3. | Unnecessary pleadings | 64.00 |
| 4. | Complaint | 320.00 |
| 5. | Amended complaint | 128.00 |
| 6. | Discovery | 160.00 |
| 7. | Reduction in hourly rate | 66.75 |
| 8. | Block billing | 210.00 |
| 9. | Counsel travel | 607.64 |
| 10. | Computer searches | 79.10 |
| 11. | Expert travel | 1,040.00 |
| 12. | Expert report | 1,360.00 |
| 13. | Results obtained | 622.40 |
| 14. | Quality of work | 622.40 |
| 15. | Pre-suit notice | 622.40 |
| | Total Reductions | 7,618.69 |

### Conclusion

Based on the foregoing, the Court GRANTS Plaintiff's Motion for Attorneys' and Expert's Fees, Litigation Expenses and Costs [Docket No. 50], to the extent that the Plaintiff, as the prevailing party, shall recover as follows:

| | |
|---|---|
| Attorney's Fees | $3,550.80 |
| Local Counsel Fees | 747.62 |
| Expert Fees | 1,880.00 |
| Costs | 438.47 |
| Total | $6,616.89 |