[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 23, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-12016

_____

D. C. Docket No. 05-00001-CV-RWS-1

KATHLEEN THORNTON,

Plaintiff
Cross-Appellee,
Appellant,

versus

WOLPOFF & ABRAMSON, L.L.P.,

Defendant
Cross-Appellant,
Appellee.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

**(January 23, 2008)**

Before HULL and PRYOR, Circuit Judges, and MOORE,* District Judge.

---

* Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, sitting by designation.

PER CURIAM:

Kathleen Thornton and Wolpoff & Abramson, L.L.P., each appeal an award of attorney's fees of $7500 that Thornton received after a jury returned a verdict in her favor under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692–1692p, and awarded her one dollar in statutory damages. As a plaintiff in a "successful action," 15 U.S.C. § 1692k(a)(3), Thornton moved for $49,502.50 in attorney's fees. The district court reduced this amount by approximately 85% and awarded Thornton $7500. Thornton appeals and argues that the district court abused its discretion by declining to award the full amount. Wolpoff & Abramson cross-appeals and argues that the district court abused its discretion by awarding any attorney's fees. We affirm.

## I. BACKGROUND

Thornton filed a complaint that alleged that Wolpoff & Abramson violated the Fair Debt Collection Practices Act. Thornton alleged that she received collection calls and bills from Wolpoff & Abramson that concerned a balance on a credit card that belonged to her ex-husband. She notified Wolpoff in writing that she was not financially responsible for the payment and that she refused to pay the debt. Wolpoff later left a voicemail message for Thornton that concerned the debt.

Thornton alleged that Wolpoff & Abramson violated the Act by communicating with her after she notified Wolpoff & Abramson that she refused to pay the debt. See 15 U.S.C. § 1692c(c). She also alleged that Wolpoff & Abramson used "false, deceptive, or misleading representation or means" in connection with debt collection. 15 U.S.C. § 1692e. She alleged that she suffered "anger, anxiety, emotional distress, fear, humiliation, and frustration," and sought actual damages in an amount to be determined by a jury, $1000 in statutory damages, attorney's fees, and costs.

The parties engaged in settlement negotiations but were unable to reach an agreement, and the case was tried before a jury. At the close of Thornton's evidence, Wolpoff & Abramson moved for judgment as a matter of law, which the court granted with respect to Thornton's claims of debt collection by false, deceptive, or misleading representation or means. The jury returned a verdict in favor of Thornton on her claim that Wolpoff communicated with her after she notified Wolpoff that she refused to pay the debt. The jury declined to award actual damages and awarded one dollar in statutory damages.

After the trial, Thornton moved for an award of costs and attorney's fees. Based in part on 191 hours of attorney work at an hourly rate of $250, Thornton requested $49,502.50 in attorney's fees and $713.43 in costs. Wolpoff opposed

3

the award of any fees.

The district court explained that the court was required "to determine the lodestar, which is the product of the number of hours reasonably worked by a lawyer and a reasonable hourly rate," and adjust the lodestar amount "to arrive at a reasonable fee in light of the relation of the results obtained to the work performed." The court found that the rate of $250 per hour was reasonable but found that Thornton "needlessly pursued litigation when a reasonable resolution was available without the necessity of a trial." The court found that Wolpoff & Abramson made a settlement offer of $3500 early in the litigation but Thornton unreasonably refused to settle. Thornton said she would not surrender future claims, but Wolpoff & Abramson did not require her to surrender those claims. The district court noted that the jury awarded a nominal amount of damages for a "technical violation" and concluded that "further pursuit of this litigation after Defendant's offer was not reasonable." The court awarded $7500 in attorney's fees and $737.43 in costs.

## II. STANDARD OF REVIEW

We review an award of attorney's fees for an abuse of discretion. Mut. Serv. Ins. Co. v. Frit Indus., Inc., 358 F.3d 1312, 1322 (11th Cir. 2004). The district court abuses its discretion if it does not apply the proper legal standard or follow

proper procedures in making the determination or bases an award upon findings of fact that are clearly erroneous.  Id.

## III. DISCUSSION

Section 1692k of the Fair Debt Collection Practices Act allows an individual plaintiff to recover actual damages, statutory damages up to $1000, and "in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."  15 U.S.C. § 1692k(a)(3).  As the district court recognized, ordinarily "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 434, 103 S. Ct. 1933, 1939 (1983).  This amount is ordinarily "referred to as the 'lodestar.'" Ass'n of Disabled Ams. v. Neptune Designs, Inc., 469 F.3d 1357, 1359 (11th Cir. 2006).  The district court should exclude from this calculation "hours that were not 'reasonably expended.'" Hensley, 461 U.S. at 434, 103 S. Ct. at 1939 (quoting S. Rep. No. 94-1101, at 6 (1976)).  The court should then address whether the fee should be adjusted upward or downward and may be guided by the twelve factors described in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974), which include the "important factor" of the "degree of the plaintiff's success in the suit."

Neptune Designs, 469 F.3d at 1359 (citing Hensley, 461 U.S. at 434, 103 S. Ct. at 1940). "There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Hensley, 461 U.S. at 436–37, 103 S. Ct. at 1941.

The district court followed the approach that precedents from the Supreme Court and this Court describe. The district court reduced the lodestar amount by 85% in the light of the nominal amount of the statutory damages award that Thornton received and the opportunity that she had to obtain a reasonable settlement early in the litigation. The district court did not abuse its discretion.

Wolpoff & Abramson argues that Thornton is not entitled to attorney's fees because Thornton did not bring a "successful action," 15 U.S.C. § 1692k(a)(3), but we disagree. Wolpoff cites a Fifth Circuit decision, Johnson v. Eaton, which held that a plaintiff to whom a jury awarded no damages "did not meet the explicit requirement of section 1692k(a)(3) that she bring a 'successful action to enforce the foregoing liability,' in order to receive attorney's fees and costs." 80 F.3d 148, 151 (5th Cir. 1996). Wolpoff argues that "[a]lthough Thornton was awarded nominal damages of [one dollar], rather than the zero damages in Johnson . . . , this is a meaningless difference."

6

Wolpoff is incorrect. The difference between zero dollars and one dollar is the difference between an unsuccessful action and a successful action. As "a plaintiff who wins nominal damages is a prevailing party under § 1988," Farrar v. Hobby 506 U.S. 103, 112, 113 S. Ct. 556, 573, a plaintiff who wins a nominal amount of statutory damages has brought a "successful action" under 15 U.S.C. § 1692k(a)(3) (1992). See Nagle v. Experian Info. Solutions, Inc., 297 F.3d 1305, 1307 (11th Cir. 2002).

Contrary to the argument of Wolpoff & Abramson, Farrar does not preclude the district court from awarding attorney's fees when a jury awards a nominal amount of statutory damages. Farrar recognized that the small size of a nominal damages award is "the most critical factor" in determining the reasonableness of the fee award, 506 U.S. at 114, 113 S. Ct. at 574, but Farrar also recognized that the district court retains discretion to award attorney's fees when damages are nominal. The Court in Farrar stated that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all," Id. at 115, 113 S. Ct. at 575 (citation omitted) (emphasis added), but "usually" is not "always." Other language in Farrar confirms that the district court retains discretion to award attorney's fees when damages are nominal: "Having considered the amount and

7

nature of damages awarded, <u>the court may lawfully award low fees</u> or no fees without reciting the 12 factors bearing on reasonableness." <u>Id.</u> at 575, 113 S. Ct. at 115 (emphasis added). Although the district court may have had discretion to award no fee, we cannot say that the district court abused its discretion when it awarded the low fee of approximately 15% of the amount that Thornton requested.

<u>Farrar</u> also controls our resolution of Thornton's arguments that the district court erred by declining to award the full amount requested. Nothing about the award that Thornton received suggests that it is more than "technical," <u>id.</u> at 574, 113 S. Ct. at 114, or "de minimis," <u>id.</u> at 576, 113 S. Ct. at 117 (O'Connor, J., concurring), so the district court had the authority to award a low fee. <u>Id.</u> at 575, 113 S. Ct. at 115. The district court did not abuse its discretion.

## IV. CONCLUSION

The award of attorney's fees of $7500 to Thornton is **AFFIRMED.**