[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 22-13286

Non-Argument Calendar

————————————————

KATHY HALL GORDON,

Plaintiff-Appellant,

*versus*

BIBB COUNTY SCHOOL DISTRICT,

Defendant- Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 5:21-cv-00143-TES

————————————————

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Kathy Hall-Gordon appeals the district court's grant of summary judgment for her employer, Bibb County School District, on her claims of discrimination and retaliation under the Americans with Disabilities Act ("ADA") and the Rehabilitation Act.

First, she argues that the court abused its discretion when it deemed most of the school district's statement of material facts undisputed because, according to her, her response to the school district's motion for summary judgment complied with the local rules. Second, she argues that the district court erred in granting summary judgment on her failure to accommodate claim because the documentary evidence suggests that the school district refused her accommodations. Third, she argues that the district court erred in granting summary judgment on her retaliation claim because her protected conduct was the reason for her demotion.

## I.

We review a district court's interpretation and application of its local rules for abuse of discretion. *Reese v. Herbert*, 527 F.3d 1253, 1267 n.22 (11th Cir. 2008). A district court abuses its discretion when it applies the wrong legal standard, follows the wrong procedures, or makes a clearly erroneous finding of fact. *Ass'n of*

*Disabled Americans v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006).

The Federal Rules of Civil Procedure require that a party asserting that a fact is genuinely disputed support that assertion by citing particular parts of the record. Fed. R. Civ. P. 56(c)(1)(A). A failure to do so may result in the court deeming the fact undisputed for purposes of the motion for summary judgment. *Id.* 56(e)(2). Facts may be supported by an affidavit or declaration. *Id.* 56(c)(4).

Middle District of Georgia Local Rule 56 provides that a movant for summary judgment must attach a separate statement of material facts. M.D. Ga. R. 56. Likewise, the non-moving party must attach a "separate and concise statement" responding to each of the movant's numbered facts. *Id.* "All material facts contained in the movant's statement which are not specifically controverted by specific citation to particular parts of materials in the record shall be deemed to have been admitted, unless otherwise inappropriate." *Id.*

In upholding a similar local rule from the Northern District of Georgia, this Court stated that we hold such rules in "high esteem." *Reese*, 527 F.3d at 1268. The rule "protects judicial resources by making the parties organize the evidence rather than leaving the burden upon the district judge" and "streamlines the resolution of summary judgment motions by focusing the district court's attention on what is, and what is not, genuinely controverted." *Id.* (quotation marks omitted). Where a local rule provides "the only permissible way for [the non-moving party] to

establish a genuine issue of material fact," and the non-moving party fails to comply with that rule, then the district court may "disregard or ignore evidence" not cited in the response to the movant's statement of facts. *Id.* at 1268.

Here, the district court did not abuse its discretion when it deemed most of the school district's statement of material facts undisputed because Hall-Gordon's response to the statement was deficient under Local Rule 56. *Reese*, 527 F.3d at 1267; M.D. Ga. R. 56. In most of the responses where Hall-Gordon purported to dispute the school district's fact, she merely raised peripheral facts or legal arguments rather than citing specific evidence to refute the fact. For example, several of the school district's facts concerned Hall-Gordon's lack of technical skills. Rather than showing these facts were in dispute by citing testimony or other evidence that Hall-Gordon possessed the technical skills in question, Hall-Gordon instead argued that the court should assume that the school district's assertion was false because if it were true, it would have been included in her 2018 performance evaluation.

In several of her responses, Hall-Gordon argued that the district court should deem the school district's fact in dispute merely because the school district relied on the declarations of Hall-Gordon's supervisors who, Hall-Gordon argued (without citing specific evidence), were not credible. But the federal rules expressly permit the use of declarations in motions for summary judgment. Fed. R. Civ. P. 56(c)(4). Furthermore, her responses repeatedly referenced information not in the record; asked the court to presume

facts; or contained no citations at all.  Some of Hall-Gordon's responses relied on bare legal conclusions.

The text of Local Rule 56 clearly states that legal conclusions and facts not supported by specific citations will not be considered by the court when deciding a motion for summary judgment. M.D. Ga. R. 56.  Both the federal rules and this Court's precedent recognize that when a respondent fails to properly address a movant's assertion of fact, a district court may deem that fact undisputed for summary judgment purposes.  Fed. R. Civ. P. 56(e)(2); *Reese*, 527 F.3d at 1268.  Therefore, the district court was within its discretion when it deemed most of the school district's facts undisputed.  *Reese*, 527 F.3d at 1268.

## II.

We review a grant of summary judgment *de novo*, applying the same legal standards that were applicable in the trial court. *Cash v. Smith*, 231 F.3d 1301, 1304 (11th Cir. 2000).  Summary judgment is proper if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  *Id.* at 1305.  This Court must resolve any factual questions with all reasonable inferences being drawn in favor of the non-moving party.  *Id.*  This Court may affirm a grant of summary judgment on any adequate ground, even if it is other than the one on which the district court relied.  *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997).

Under the ADA and, for an entity that receives federal funds, under the Rehabilitation Act, employers may not discriminate

against an employee because of her disability.  29 U.S.C. § 791(f); 42 U.S.C. § 12112(a).  "Cases decided under the Rehabilitation Act are precedent for cases under the ADA, and vice versa." *Cash*, 231 F.3d at 1305 n.2.

"To establish a *prima facie* case of discrimination under the ADA, a plaintiff must show: (1) [s]he is disabled; (2) [s]he is a qualified individual; and (3) [s]he was subjected to unlawful discrimination because of h[er] disability." *Holly v. Clairson Indus., L.L.C.*, 492 F.3d 1247, 1255-56 (11th Cir. 2007).  An employer unlawfully discriminates against a disabled employee when it fails to provide reasonable accommodations for known physical or mental limitations unless the accommodation would impose an undue hardship on the employer's business.  *Id*. at 1262 (citing 42 U.S.C. § 12112(b)(5)(A)).

A qualified individual is one who, "with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." *Holly*, 492 F.3d at 1256.  A reasonable accommodation is a modification or adjustment that enables a qualified individual to perform the essential functions of a position. *US Airways, Inc. v. Barnett*, 535 U.S. 391, 399 (2002).  An accommodation must be reasonable in the ordinary sense of the word, considering its feasibility and fairness to other employees, not merely its effectiveness. *See id*. at 399-402.

To trigger an employer's duty to provide a reasonable accommodation, a plaintiff must make a specific demand for such an

accommodation.  *Gaston v. Bellingrath Gardens & Home, Inc.*, 167 F.3d 1361, 1363 (11th Cir. 1999).

Even if there is a genuine issue as to whether Hall-Gordon was a qualified individual, the district court did not err when it found that the school district granted the reasonable accommodations that she requested.  *Cash*, 231 F.3d at 1304.  Hall-Gordon requested a standing desk, that she not be required to climb ladders or lift more than 10 pounds, and that she be allowed to wear a knee brace.  The school district approved her climbing, lifting, and knee brace requests, and additionally granted her an hourly, five minute break for any job related activity that required prolonged standing.

Hall-Gordon cites nothing that refutes the school district's assertion that it accommodated her climbing, lifting, or knee brace request.  She points to the fact she was required to attend training on ladders but never states she was required to climb a ladder.  Likewise, she asserts that she was in conversations about her accommodation requests with the school district throughout 2019, but never claims that she was asked to climb a ladder or lift more than 10 pounds, nor told she could not wear a knee brace.  She alleges that Powell told her that the school district could not accommodate her disabilities in a June 2019 meeting.  But these statements do not show a failure to accommodate because they were in response to a new doctor's note that included more severe restrictions than what Hall-Gordon actually requested.  *Gaston*, 167 F.3d at 1363.  Finally, she argues that the reference to precautions in her June 2019 performance review were "presumably" in

reference to her doctor's medical advice. Even accepting this presumption, the June 2019 evaluation does not show that the school district denied her actually requested lifting, climbing, or knee brace accomodations. *Gaston*, 167 F.3d at 1363.

Furthermore, Hall-Gordon's deposition refutes her argument. She testified that when she first presented a doctor's note to HR in November 2018, "they came back and said okay." She stated she was never refused a knee brace, was never required to lift more than ten pounds, and could not recall being required to climb a ladder.

The school district did not grant her request for a standing desk because (1) employees in Hall-Gordon's position only spent 10 to 20 minutes a day at a personal desk; (2) employees in her position spent time traveling between different schools and did not have a traditional workspace; and (3) to the extent Hall-Gordon did have a workspace at each of her assigned schools, it was often a shared space and physical constraints prevented the installation of a standing desk. Hall-Gordon conceded that her job involved performing technical support at multiple schools and she did not specifically dispute the amount of time she spent at a personal workspace. On these facts, Hall-Gordon's request for a standing desk was not reasonable. *Barnett*, 535 U.S. at 400 02.

Because the school district granted all of Hall-Gordon's reasonable accommodation requests, she cannot show she was discriminated against under the ADA or the Rehabilitation Act. *Holly*, 492 F.3d at 155 56.

### III.

The ADA prohibits retaliation against an individual for opposing an unlawful practice or making a charge under the ADA. 42 U.S.C. § 12203(a). This Court assesses ADA retaliation claims under the same framework it employs for retaliation claims arising under Title VII. *Stewart*, 117 F.3d at 1287.

To prevail on a retaliation claim, a plaintiff must show that: (1) she engaged in a statutorily protected expression, (2) she suffered an adverse employment action, and (3) there was a causal link between the two. *Frazier-White v. Gee*, 818 F.3d 1249, 1258 (11th Cir. 2016). To defeat a motion for summary judgment, the plaintiff has the "burden to provide evidence from which one could reasonably conclude that but for her alleged protected act, her employer would not have fired her." *Gogel v. Kia Motors Mfg. of Georgia, Inc.*, 967 F.3d 1121, 1136 (11th Cir. 2020) (applying Title VII).

Once a *prima facie* case is established, the burden shifts to the employer to come forward with legitimate, non-discriminatory reasons for its actions that negate the inference of retaliation. *Stewart*, 117 F.3d at 1287.

The burden then shifts back to the plaintiff to demonstrate that she will be able to establish at trial that the employer's proffered non-discriminatory reasons are a pretext to mask retaliation. *Id.* "[T]o establish pretext at the summary judgment stage, a plaintiff must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could

find them unworthy of credence." *Gogel*, 967 F.3d at 1136. She must show both that the proffered reasons were false and that retaliation was the real reason. *Id*.

Here, the district court did not err in granting summary judgment for the school district because Hall-Gordon failed to make a prima facie case of retaliation and, even if she could, she failed to show pretext. *Cash*, 231 F.3d at 1304; *Stewart*, 117 F.3d at 1287. Before the district court, Hall-Gordon argued she engaged in protected activity when she internally complained about her supervisors' failure to accommodate her disability and when she filed a charge of discrimination with the EEOC. These both qualify as protected activity, satisfying the first element of a prima facie case. 42 U.S.C. § 12203(a); *Crawford*, 555 U.S. at 276; *Frazier-White*, 818 F.3d at 1258. Hall-Gordon can also satisfy the second element because she was demoted to a lower paying position. *Garrett*, 507 F.3d at 1316.

However, Hall-Gordon failed to show causation. *Gogel*, 967 F.3d at 1136. On appeal, Hall-Gordon argues that, in addition to temporal proximity, other facts supported causation. However, before the district court, rather than laying out facts to show causation, her brief merely stated that the causal connection should be "apparent," and cited her statement of facts. The paragraph cited referenced the comments about her physical limitations in her June 2019 evaluation and the June 2019 meeting notes that stated "[d]on't want to look like we are retaliating against her." But, as discussed in Issue 1, the statement of facts was not the place to

make legal arguments, and thus, the district court did not err in finding that Hall-Gordon did "not clearly point to any causal connection between the protected activity and her later demotion."

Even if the district court should have considered the arguments in the statement of facts, those arguments related to physical limitations but the school district's concerns about Hall-Gordon related to her lack of technical abilities to do the job—not because of any physical limitations. And those concerns predated Hall-Gordon's request for accommodation for physical limitations. Even assuming *arguendo* that Hall-Gordon had made more progress toward satisfying the causal element (i.e. more than the district court acknowledged), the district court still properly granted summary judgment because the school district provided legitimate, non-discriminatory reasons for Hall-Gordon's demotion (i.e. for lack of necessary technical skills) and Hall-Gordon failed to argue that the school district's stated reasons for her demotion were pretext for retaliation. *Gogel*, 967 F.3d at 1136. Her brief in opposition to summary judgment makes no mention of pretext in the retaliation context and on appeal, she delegates any discussion of pretext to a footnote that relies only on her mostly non-compliant response to the school district's statement of facts. In both documents, she fails to point to any "weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the school district's stated reasons for her demotion, and she falls short of showing both that their reasons were false and that retaliation was the true reason. *Gogel*, 967 F.3d at 1136. Hall-Gordon does not dispute that the school district made changes in her job duties in an effort to find a role to match

her technical skills, and indeed she points to no specific evidence that tends to undermine the legitimacy of the school district's concern about her lack of technical skills; she points to no evidence that she did in fact possess the necessary technical skills.

Because the school district had legitimate, non-discriminatory reasons for demoting Hall-Gordon and she failed to show that the proffered reasons were pretext for discrimination, the district court did not err in granting summary judgment to the school district on Hall-Gordon's retaliation claim.

For the foregoing reasons, the judgment of the district court is

**AFFIRMED.**